LUCIEN M. SHEFFIELD *vs.* ALVA G. BECKWITH.

Second Judicial District, Norwich, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A defendant who is alleged to have alienated the affections of the plaintiff's wife may show, in mitigation of damages, that she had long before that ceased to have any love or affection for her husband because of her firm belief that he had been guilty of adultery. The issue at this point, however, is not whether the husband had in fact committed adultery or not, but the belief of the wife with respect to that question and the effect of such belief upon her relations with her husband.

In the present case the trial court in its charge practically excluded the question of the commission of adultery by the plaintiff from the jury's consideration, but the defendant was permitted to show by the testimony of the wife that she firmly believed her husband had been unfaithful to her, and the defendant had the full benefit of this testimony touching the question of the alienation of her affections. It also appeared that the wife had condoned the supposed adultery of her husband. *Held* that under these circumstances the instruction, even if erroneous, was harmless.

The adultery of a husband, if condoned by the wife, ceases to exist as an offense against the marital relation.

It is not error to require a jury to reconsider the question of damages where the sum returned at first is palpably inadequate.

The sum of $100 is not adequate damages for the complete and continuing loss of a wife's *consortium*, to say nothing of the husband's mental suffering and humiliation.

In finally allowing an inquiry which had at first been excluded, the trial court said to counsel that he might ask the question if he thought that he was thereby helping his client's case. *Held* that if it were to be assumed that this remark was intended as a comment on the testimony, it nevertheless was clearly within that class of observations upon the evidence which the court was authorized by statute (§ 753) to make in a trial to the jury.

Argued October 19th, 1915—decided January 13th, 1916.

ACTION to recover damages for alienating the affections of the plaintiff's wife, brought to the Superior Court in New London County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $1,750, and appeal by the defendant. *No error.*

*Abel P. Tanner* and *George C. Morgan,* for the appellant (defendant).

*Rollin U. Tyler,* with whom was *Clayton B. Smith,* for the appellee (plaintiff).

BEACH, J. The complaint is in two counts, one charging seduction and criminal conversation, and the other alienation of affections. The jury found for the defendant on the first count and for the plaintiff on the second count, assessing the damages at $1,750.

In the course of the trial the plaintiff's wife, while testifying in behalf of the defendant in reference to her relations with her husband before the alleged alienation, was asked: "Now, subsequent to this time [December, 1909], were reports coming to you of his relations with still other women?" The question was at first excluded, but after some discussion the court said: "You may put it in if you think you are helping out your client's case." This remark of the court is

challenged as erroneous because it tended to weaken
the evidential value of the answer. If we should assume
that this remark was intended as an observation on the
evidence, it was well within the statutory province of
the court. General Statutes, § 753; *Scholfield Gear &
Pulley Co.* v. *Scholfield,* 71 Conn. 1, 13, 40 Atl. 1046;
*State* v. *Fetterer,* 65 Conn. 287, 291, 32 Atl. 394; *Wheeler*
v. *Thomas,* 67 Conn. 577, 580, 35 Atl. 499.

The defendant attempted to prove among other
things, in mitigation of damages, that the plaintiff had
committed adultery in 1909; and for that purpose the
plaintiff's wife testified that plaintiff admitted con-
tracting a venereal disease while on a trip to Boston,
but claimed that he had contracted it by drinking after
somebody. In respect to this matter the court charged
the jury as follows: "I have heard counsel here allege
it was proven to you that Mr. Sheffield had committed
adultery in 1909. I fail to see how that has been proven
before you. They have produced a bottle of medicine
and some evidence he had disease, but they have not
shown that the disease could not have been contracted
innocently by him by contact, or in travelling, as they
say he said, with drinking, from some one who did
have this contagious disease, and it should be shown to
you, if you find he had it, that it was necessarily the
consequence of connection with a woman, and that
it might not have been taken in some other way. So
I say I think the proof is not here that he committed
adultery. However that may be, of course, as I have
said, you have to find out what that society and af-
fection was which he says he lost, and so bring in your
damages accordingly."

The defendant excepts to this part of the charge as
erroneous, because it is contrary to the generally ac-
cepted rule that a venereal disease contracted by the
husband while away from his wife is in civil actions

prima facie evidence of adultery. 2 Greenleaf on Evidence (16th Ed.) § 44; 2 Bishop on Marriage, Divorce & Separation, § 1393; 1 Wigmore on Evidence, § 168. Assuming that the jury were instructed by the remarks objected to, that they could not find the plaintiff guilty of adultery in 1909, we do not think that any harmful error was committed. From the fragments of her testimony in the record it appears that the plaintiff's wife, although she believed in 1909 that he had committed adultery, continued to live with him as her husband until April, 1913, more than three years after the supposed offense, because she had forgiven him "to a certain extent." The fact of adultery as a mitigating circumstance was material in this case only in so far as it tended to prove the defendant's claim that the wife had ceased to have any love or affection for the plaintiff long before the alleged acts of the defendant. The defendant was doubtless entitled to show what were the actual relations between the plaintiff and his wife; but was it material in this case that the defendant, who had afterward alienated the wife's affections, should be permitted in mitigation of damages to resurrect an act of adultery which on the wife's own admission had been condoned and followed by three years of married life? As an offense against the marital relation it had been wiped out of existence by the wife's condonation; and although its consequences might nevertheless persist so as to diminish the degree of the wife's affection for her husband, it strikes us that the defendant has had the full benefit of that possibility in the wife's testimony that she believed at the time that her husband was unfaithful. Her belief was positive on that point, for she says that she knew from the fact of his condition that he must have been unfaithful. If that is so, the effect of the supposed adultery on her love and affection for her husband was

complete. She having testified to that belief, the material question in this case was not whether her belief was well founded in fact, but what was its effect on her relations with her husband as they existed before the defendant committed any wrong. If her belief was entirely unfounded in fact, the defendant would still be entitled to the benefit of its actual effect on the marital relation as then existing; and even if it were well founded, the defendant could take no benefit of the fact of adultery except to the extent—if at all—that it actually affected the marital relation. It is quite apparent in this case that the relations between the husband and wife were fully testified to by the wife, who was attempting to justify her conduct, and we think the instruction complained of was harmless.

The remaining assignment of error is based on the action of the court in returning the jury to a second consideration of the question of damages. The jury brought in a verdict of $100 damages against the defendant on the second count, which the court declined to accept, saying: "Gentlemen of the jury, you have brought in a plaintiff's verdict upon the second count for $100. The court agrees with you as to the first part of that verdict—that is, that it is in favor of the plaintiff. Under the evidence, the court is unable to see how you could have brought in any other verdict. But it is not only your duty to decide a case correctly in that respect, it is equally your duty, having found that this wrong was committed by the defendant to the plaintiff, to award just damages; and just damages means adequate damages. A plaintiff coming into this court is deprived of justice unless, having proved his case, the jury give him adequate damages to compensate him for his injury. Now, I shall not accept this verdict, but you may retire to the jury-room and reconsider it."

There was nothing erroneous in the court's action or

language. The alienation in this case was complete and resulted in the total deprivation of the wife's society continued down to the date of the trial. One hundred dollars is not adequate damages for the complete and continuing loss of the wife's *consortium,* to say nothing of the husband's mental suffering and humiliation. *Scholfield Gear & Pulley Co.* v. *Scholfield,* 71 Conn. 1, 40 Atl. 1046, is not in point, for the court did not in this case name any sum below which the jury ought not to go in estimating the damages. The final verdict of $1,750 reflects nothing but the jury's estimate of adequate damages.

There is no error.

In this opinion the other judges concurred.