BEN OGINSKAS, ADMINISTRATOR, *vs.* WILLIAM T. FREDSAL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d—decided December 18th, 1928.

*Clayton L. Klein,* with whom was *Joseph E. Talbot,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant).

HINMAN, J. May Street, in the borough of Naugatuck, runs in an easterly and westerly direction and is intersected at approximately a right angle, from the

north, by Johnson Street. On May Street the grade ascends from west to east and Johnson Street is an ascending grade northerly from May Street. On December 13th, 1926, at about five o'clock p. m., the defendant's truck driven by his employee, one Baummer, traveled easterly along May Street and had started to turn to its left into Johnson Street when a sled on which the plaintiff's decedent and another boy were coasting westerly down May Street collided with its right side. As a result of this collision plaintiff's intestate suffered injuries from which he died. The complaint alleged that this injury and death were due to negligence of the defendant's servant in failing to stop the automobile upon approaching the intersection of May and Johnson streets or before turning into the intersection, when he knew or should have known that children were sliding down the hill; in stopping the car upon the intersection directly across that portion of May Street on which plaintiff's intestate was coasting, as he saw or in the exercise of reasonable care should have seen, blocking the same so that there was no way to avoid colliding with the truck; and in failing to turn to the right of the intersection of the two streets.

The verdict for the plaintiff necessarily imports that the jury found the defendant's driver negligent in one or more of these respects and plaintiff's intestate free from contributory negligence. The only question, upon this appeal from the action of the trial court in setting aside the verdict, is whether the evidence was such as to leave no room for a reasonable difference of opinion among fair minded men in respect to the issues of negligence and contributory negligence, respectively, and to preclude fair and intelligent men, acting reasonably, from arriving at the conclusion, as to these issues, which the verdict implies. *Maroncelli* v. *Starkweather*, 104

Conn. 419, 422, 133 Atl. 209; *Robinson* v. *Backes*, 91 Conn. 457, 460, 99 Atl. 1057.

In determining whether the setting aside of the verdict was a permissible exercise of legal discretion, due weight is to be given to the opinion of the trial court and every assumption made in favor of its correctness. *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 20, 96 Atl. 169. Nevertheless, we are unable to agree that the state of the evidence was such that the jury might not hold, legitimately, the defendant's servant to have been negligent in failing to stop upon reaching the intersection and before turning, therein, across May Street toward Johnson Street or in stopping as and when he did. Baummer admitted that, as he drove along May Street before reaching Johnson Street, he passed several children walking up the hill with sleds, and he therefore had notice that children were coasting thereon. He did not know whether, beyond the intersection, they were coasting on May Street or Johnson Street. It was testified that the distance, on May Street, easterly from the intersection to the top of the hill was about two hundred and fifty feet. One witness, a girl who was standing near a pole, on which there was an electric light, near the intersection, testified that she saw the two boys when they started from the top of the hill. Another girl, who was in Johnson Street, stated that she saw them when they were half way down the hill, called to them that a car was coming "and then the car started going around the corner." From this evidence the jury might well have found that the driver of defendant's car, if in the exercise of reasonable care, should have seen the boys, as did these witnesses, before he turned, and had he done so could have stopped on his right-hand side of May Street, thereby leaving them ample space to pass on their right, without injury. Again, the map and

photographs in evidence disclose that, at and near the intersection, May Street curves to a considerable extent and it is fairly to be gathered from these and from Baummer's testimony that, although light was projected by his headlights a distance of two hundred feet ahead of the car, it was deflected, because of the curve, to the right of the traveled portion of May Street until the car was near the intersection. Upon this and related evidence the jury reasonably could have held that if Baummer was dependent wholly upon his headlights (instead of the electric light by which, it is·fairly to be inferred, the two girls saw the boys) to determine whether, as he had reason to anticipate, children were approaching, coasting down the hill, he should have ascertained, by that means, after his headlights were directed up the street, that none were so approaching, before attempting to proceed across May Street into Johnson Street or, at least, before proceeding so far that, upon stopping, the car obstructed that part of the street in which coasters would naturally travel, and in which these boys were traveling.

It is also evident from the map that the headlights must have illuminated May Street east of the intersection before the car turned across the street toward Johnson Street, and Baummer testified that before he started to turn his lights were on May Street about half way up the hill. From this it might have been held that he should have seen the approach of the children before he did, which was only when they were no more than twenty or thirty feet distant, and in time to save them from harm, by stopping on his right-hand side of May Street, or otherwise.

A conclusion of negligence on any of these grounds was not unreasonable in law, and would be sufficient to support the verdict irrespective of the sufficiency

of proof of the further allegation that the defendant's driver failed to turn to the right of the intersection of the two streets but turned to the left thereof and was negligent in so doing. It was the province of the jury also to determine whether the defendant's servant was confronted with such an emergency, not to be anticipated by the exercise of reasonable care, as to excuse an error of judgment in stopping the car as and when he did, and they might reasonably have resolved this question adversely to the defendant's claims. *Horton* v. *Macdonald,* 105 Conn. 356, 365, 135 Atl. 442.

Plaintiff's intestate, John Oginskas, was twelve years of age, the other boy, Carl Uecker, was thirteen. Uecker was riding on the sled, lying on his stomach, and Oginskas lay in a similar position, on top of Uecker. The trial court ruled that the only reasonable conclusion to be reached was that the boys, by reason of the manner in which they were riding, either were not looking ahead or, if they saw the defendant's car, the speed of the sled and the weight of the Oginskas boy on top prevented Uecker from so steering the sled as to avoid the collision, and that the plaintiff's intestate therefore was guilty of contributory negligence defeating recovery. Whatever might be suggested as to any difference of situation, and consequent duty, as between Oginskas, who was in a sense a passenger, and Uecker as the operator of the sled, we are unable to agree that, upon the evidence, the jury were constrained to find, if acting fairly and reasonably, that these boys in so riding were doing other than what naturally might be expected of reasonably intelligent children of their age and understanding, or from reaching a conclusion that failure to change direction of the sled was due to proximity of the car when it turned across the natural and proper course of the sled, rather than failure of the boys to observe conditions

or physical inability to control and change such course. On the contrary, we think that the jury might reasonably have found the boys not guilty of contributory negligence. *Sedita* v. *Steinberg,* 105 Conn. 1, 10, 134 Atl. 243.

There is error and the cause is remanded with direction to enter judgment for the plaintiff in accordance with the verdict.

In this opinion the other judges concurred.