JOHN MCCLEARY ET AL. vs. LOUIS H. ROTHENBERG.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 10th—decided July 9th, 1930.

*Lorin W. Willis,* with whom, on the brief, was *George N. Foster,* for the appellant (defendant).

*Samuel Reich,* with whom was *Edward H. Nussenfeld,* for the appellee (plaintiff McCleary).

*Raymond E. Baldwin,* for the appellee (State of Connecticut), joined in the brief, but did not argue the cause.

PER CURIAM. This action arose as a result of a collision on a public highway between defendant's automobile and plaintiff's motorcycle while the plaintiff was patroling the highway in the course of his duty as a State policeman. The defendant's claim that the plaintiff has not supported the burden of either showing defendant's negligence or plaintiff's lack of contributory negligence rests very largely upon his contention that the physical facts support the evidence introduced by the defendant and disprove that offered by the plaintiff. We do not share the confidence of the defendant in the inevitableness of the physical facts as

determinative of the issues involved. As we read the evidence these issues were plainly for the jury to settle upon the conflict in the evidence before it.

Error is also assigned in the charge to the jury upon the refusal of the court to accept the verdict for $5000 and in returning the jury to a further consideration of the verdict. The court did not exercise its discretion unreasonably in directing the jury to further consider "whether the amount of damages is inadequate in view of the evidence concerning the character of the injuries." The court expressly stated that it did not "intend to indicate any amount" although it stated with definiteness and clearness its opinion that the verdict rendered was inadequate and referred the jury to facts in evidence supporting this view. The physical injuries were severe and some apparently permanent, while the special damages, uncontradicted, amounted to upward of $2000. We think the court exercised its discretion wisely in returning the jury to a further consideration of the damages. The verdict finally returned was for $8500 which the trial court accepted and subsequently refused to set aside. Upon the evidence this verdict was not excessive.

There is no error.