MARGARET KING *vs.* THOMAS L. HAYNES ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Submitted on briefs December 8th, 1931—decided February 23d, 1932.

*Arthur M. Brown* and *Charles V. James,* for the appellants (defendants).

*Philip Z. Hankey* and *George C. Morgan,* for the appellee (plaintiff).

MALTBIE, C. J. The jury first returned a verdict for the plaintiff to recover $1000. Thereupon the trial court stated to them that it was unable to accept the verdict. It then repeated the portion of the charge which dealt with damages and instructed them that in returning them for further consideration it did not say their verdict should be changed in any specific particular; that they might return a verdict for the plaintiff or one for the defendants; that its reasons for returning them were that it was very sure they had misunderstood the charge as to damages; that, to repeat, they might bring in a verdict for the plaintiff for adequate damages or bring in one for the defendants. It told them that the interrogatories they had answered would be returned to them and that they might leave the answers as they were or change them. It then instructed the clerk to prepare new forms of verdicts for the jury. After the jury had retired the trial court announced the verdict they had rendered and gave as its reason for not accepting it, that the damages allowed in it were inadequate. It also made an indorsement to this effect upon the verdict. The defendants claimed error in the refusal of the trial court to accept the verdict, calling attention to what we said in *Black* v. *Griggs,* 74 Conn. 582, 584, 51 Atl. 523, that the power of the court to return a jury for further consideration was not a power to refuse to accept a verdict as first rendered, since the court must receive it after the third consideration if in proper form. We were then referring not to the paper upon which the verdict was written, but the substance of the verdict, whether as first written or appearing upon another blank. It is proper to return to the jury a verdict which the trial court asks to have reconsidered, after it has been read. *Lentine* v. *McAvoy,* 105 Conn. 528, 530, 136 Atl. 76. But where that is done

it is desirable if not necessary to submit another form of verdict for the use of the jury should their reconsideration lead them to change their conclusion. For the court to retain the verdict returned and have new forms given the jury does not restrict them after reconsideration from returning a verdict like that first rendered. The procedure followed by the trial court was substantially that in *Magoohan* v. *Curran,* 71 Conn. 551, 42 Atl. 656. It might properly refuse to accept the verdict as first rendered, even though, had the jury persisted in rendering a like verdict after twice reconsidering it, it would then have been obliged to accept it. *Shulman* v. *Stock,* 89 Conn. 237, 93 Atl. 531. The instruction of the court that, if the jury finally brought in a verdict for the plaintiff, it should be for adequate damages was merely a statement of their duty in the premises. *Sheffield* v. *Beckwith,* 90 Conn. 93, 97, 96 Atl. 316. If they persisted in their conclusion that $1000 was adequate damages there was nothing in the instructions of the trial court to prevent them from bringing in another verdict awarding the plaintiff that amount.

The plaintiff was very badly burned by reason of gasoline taking fire while the tank of the car in which she was riding was being filled by the defendant Thomas L. Haynes, hereinafter referred to as the defendant, at a gasoline station conducted by him. The plaintiff claimed negligence on his part in so conducting the process of filling the tank that the gasoline took fire and also in so handling the apparatus after the fire appeared that the gasoline was thrown upon her. In answer to interrogatories submitted, the jury found that there was no negligence on the part of the defendant in the process of filling the tank, but found that he was negligent in the other respect claimed. No contention is advanced that the plaintiff was guilty

of contributory negligence and as far as the liability of the defendant is concerned his motion to set the verdict aside was properly denied if the latter conclusion had support in the evidence offered. Undoubtedly when the gas took fire the defendant was confronted with a serious emergency and that fact would of necessity be an important element to consider in judging his conduct. *Horton* v. *Macdonald,* 105 Conn. 356, 364, 135 Atl. 442; *Oginskas* v. *Fredsal,* 108 Conn. 505, 510, 143 Atl. 888. The testimony was very much in conflict, but there was evidence which the jury might have believed to the effect that when the fire broke out the defendant withdrew the hose he was using from the opening in the gasoline tank on the car and so manipulated it that the gasoline was thrown directly toward the plaintiff as she was getting out of the car, so that her clothes were wet by it and took fire. We cannot say that the jury might not reasonably have reached the conclusion that his conduct fell short of that care which an ordinarily prudent person would have used even when confronted with such an emergency as had arisen.

The jury could not reasonably have failed to find that the burns upon the body of the plaintiff were very serious; that by reason of them she was subjected to great pain and suffering, underwent long hospital treatment, and has permanent scars from them; and that she was put to considerable expense. The verdict finally rendered, for $5000, was not so clearly excessive that we can say the trial court was in error in refusing to set it aside on that ground.

There is no error.

In this opinion the other judges concurred.