CARLA E. J. HEDBERG, EXECUTOR (ESTATE OF JOHN HEDBERG) *vs.* WALTER COOLEY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 12th—decided July 19th, 1932.

*Thomas R. Robinson,* with whom was *Alfred C. Baldwin, Jr.,* and, on the brief, *Daniel L. O'Neil,* for the appellant (defendant Rution).

*James E. Murphy,* with whom was *Isadore L. Kotler,* for the appellee (plaintiff).

MALTBIE, C. J. Plaintiff's decedent was driving his automobile northerly on a state highway in Meriden.

An automobile driven by the defendant Cooley, which was proceeding in the opposite direction, crashed into the side of the decedent's car, and almost immediately thereafter an automobile driven by the defendant Rution collided with the rear of the decedent's car. The decedent was so injured in the accident that he died very shortly thereafter. The plaintiff brought her action against both defendants and the verdict finally returned and accepted by the court found the issues in her favor against both, fixing the damages at $10,000. The defendant Rution has appealed.

There was evidence from which the jury might reasonably have found the following facts: About a quarter of a mile south of the place of the accident, the decedent's automobile had passed Rution's car, which was stopped at the side of the road, with Rution standing near it. He entered his car, started it and followed the decedent's. At a point about six hundred feet south of the place of the accident he was some one hundred and seventy-five feet behind it, then going at a speed of thirty to thirty-five miles, about the same speed as the decedent. The collision between Cooley's car and that of the decedent brought the latter's almost to an immediate stop. Rution's car then struck the decedent's with great force, a fact which, aside from descriptive words used by the witnesses, is shown by other circumstances appearing from the evidence; thus, by the first collision, the decedent's son, who was sitting beside him on the front seat, was thrown against the side of the car, but by the second he was thrown forward against the front of it; the decedent's wife, who was sitting on the back seat, kept her place during the first collision, but was thrown to the floor by the second; his daughter was thrown from the car and was found in a position such that the jury might fairly infer she was thrown out as a result of the

second collision; and the decedent's car was itself driven several feet forward as a result of it. From these facts the jury might reasonably have concluded that Rution was driving at an unreasonable speed at the time of the accident, was not keeping a proper outlook ahead, and did not control his car as he ought to have done in the exercise of reasonable care, to avoid running into the decedent's automobile, and that, even in view of the emergency confronting him, he was negligent. *King* v. *Haynes,* 114 Conn. 396, 399, 158 Atl. 915. As the trial court instructed the jury, the negligence of Cooley in causing the first collision might be found to have brought about the second and so to have been a proximate cause of the decedent's death, if that was due to the second collision. *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 Atl. 721; *Burbee* v. *McFarland,* 114 Conn. 56, 61, 157 Atl. 538; *White* v. *Herler,* 114 Conn. 734, 735, 159 Atl. 654. In this way the jury might have found concurring negligence on the part of both defendants. But Rution's negligence would not make him liable for the death of the decedent unless that death was due to it. The cause of his death, according to the medical evidence, was multiple fractures of his chest and internal injuries and the jury might have reasonably found from the fact that he was driving the car, that these were due to his having been thrown against the steering wheel. The Cooley car struck the decedent's on its side; the decedent's son was thrown sideways by that collision and not forward; and his wife was not even thrown from her seat by it, but was, by the force of the second collision; and, as the jury might have found that collision to have been of great violence, we cannot say that they might not have reached the conclusion that it was more probable than not that the decedent's death was really caused by it and not by the first. A finding of

such a reasonable probability would justify the verdict against Rution, particularly in such a case as this. *Johnson* v. *Connecticut Co.,* 85 Conn. 438, 440, 83 Atl. 530. We cannot say the trial court committed error in refusing to set the verdict aside.

The appellant complains of the failure of the trial court to charge in certain respects. For the most part the matters referred to fall within the rule that if the charge as given includes a correct statement of the principles of law involved and was adapted to the issues and sufficient for the guidance of the jury, the failure to include specific instructions upon special features of the case will not be reversible error, where no requests to charge were made. *Quackenbush* v. *Vallario,* 114 Conn. 652, 159 Atl. 893. Within this rule falls the complaint as to the failure of the trial court to charge as to the credibility of the plaintiff's witnesses. *Kornblau* v. *McDermant,* 90 Conn. 624, 636, 98 Atl. 587. While it is true that the trial court did not specifically charge the jury that the plaintiff could not recover against Rution if his collision with the decedent's car was an unavoidable accident, it did emphatically tell them that the plaintiff could not recover unless they found Rution guilty of negligence proximately causing the collision, and this in legal effect amounted to the same thing. Instructions of the trial court to the jury when they returned separate verdicts against the two defendants were adapted to and sufficient to meet the situation then before the court and further it was not bound to go. The failure of the trial court to comment upon the sections of the statutes governing the operation of automobiles which it read to the jury could not have done the appellant harm; the particular complaint that it failed to explain what is meant by reckless operation is met by

the fact that later in the charge it did explain this to them as particularly applied to Rution.

The statement in the charge that certain facts were conceded cannot be held error; so far as appears they may have been conceded upon the argument; and if not, the record does not anywhere show that the evidence as to them was controverted or disputed. The trial court in defining negligence used the phrase an "ordinarily reasonable and prudent person" instead of the approved phrase, a "reasonably prudent person;" but the distinction in meaning between the two is too tenuous to be readily defined or to be regarded as of practical moment. We cannot say that the issue of reckless conduct upon Rution's part was, upon the facts the jury might have found proven, so far outside the realm of reasonable conclusions which they might reach that the trial court was in error in submitting it to them. The complaints as to other portions of the charge are sufficiently answered by what we have already said.

The additions sought to the finding, if made, would not be material to any of the errors assigned as to the charge, and there is no need to consider them. The portions of the finding attacked, so far as material, contain claims as to facts proven which the plaintiff might reasonably make upon the evidence.

There is no error.

In this opinion the other judges concurred.