ROSE BARBIERI *vs.* ANTHONY PANDISCIO ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided December 27th, 1932.

*Joseph Shelnitz,* for the appellants (defendants).

*Charles A. Harrison,* with whom was *Milton G. Harrison,* for the appellee (plaintiff).

MALTBIE, C. J. This action was brought against the driver of an automobile which ran into the plaintiff and against one whose servant and agent in the operation of the car at the time he was alleged to be. They are both described in the writ as of Fitchburg, Massachusetts, and service was made under the provisions of § 5473 of the General Statutes, by leaving a copy of the writ and complaint with the commissioner of motor vehicles and forthwith sending copies to the defendants as required by its terms. The defendants appeared specially and jointly moved to erase the case from the docket upon the ground that the service was ineffectual upon constitutional grounds to confer jurisdiction upon the court. One ground of appeal is the denial of this motion. In *Hartley* v. *Vitiello,* 113 Conn. 74, 154 Atl. 255, we held that this statute was valid and effective to confer jurisdiction over nonresidents falling within the class to which it applied. In our opinion in that case we stated that the statute in question was to be read in connection with our statute, now § 5501, concerning the continuance of actions against nonresidents. The defendants call particular attention to the case of *Roller* v. *Holly,* 176 U. S. 398, 20 Sup. Ct. 410, which concerned the efficacy of a statute of Texas providing for service of actions upon nonresident defendants and in which the court used language which the defendants interpret as meaning that, in determining the validity of the service, the notice to the defendant was to be construed as it read upon its face, in disregard of certain statutory provisions of the State to the effect that the case could

not have been called for trial or default until the fifth day of the term to which it was returnable. Such a construction of the language of the court in that case would hardly accord with the stress placed in *Hess* v. *Pawloski*, 274 U. S. 352, 47 Sup. Ct. 632, upon the provisions of the Massachusetts statute then being considered, that the court might order such continuances as might be necessary to give the defendant a reasonable opportunity to appear and defend; for the provisions of a statute directing how service shall be made in such a case and providing for a continuance would no more appear upon the face of the papers served upon the defendant than would those contained in some other statute. Upon receipt of a copy of the writ and complaint, it became the duty of the defendants to inquire as to statutory provisions of this State before whose court they were summoned, which govern their obligation to appear and defend. We see no occasion to change the conclusion we reached in the *Vitiello* case.

The defendants moved to set the verdict aside as against the evidence, basing their claim upon the contention that the plaintiff was guilty of contributory negligence as matter of law. The plaintiff on August 5th, 1930, at about six p. m., was injured by being struck by the automobile while she was crossing the Milford turnpike. The turnpike is a highway with a concrete surface, having four distinctly marked panels each nine feet wide, and is subject to a heavy traffic, particularly in the summer time around six o'clock in the afternoon. The plaintiff had alighted from a bus on the northerly side of the highway and was crossing to go to her home on the south side. The jury might have reasonably found the following facts: The plaintiff, as she started to cross, looked both ways and saw no vehicles approaching. She proceeded into the high-

way until she had come nearly to the center. She then saw a small truck coming from the west and proceeding rather slowly. She paused until it passed and then saw the defendants' automobile coming toward her from the same direction, some two hundred or three hundred feet away, at a high speed, one witness estimating that speed at fifty-five miles per hour. The automobile had turned to the left to pass the truck and in doing so its left wheels passed about a foot over the center line of the highway. Before the plaintiff could do anything except to give a cry of warning to her daughter, who was behind her, the automobile struck her with its left front fender.

When a pedestrian has occasion to cross a highway as broad as the one here in question, subjected to heavy traffic, for him, after seeing no vehicles approaching from the side nearest him, to proceed into the highway until he nearly reaches a well marked center line, and then to wait an opportunity to cross the other half in safety, cannot be regarded in itself as necessarily a negligent exposure to danger or make him guilty of contributory negligence as matter of law. *Paskewicz* v. *Hickey,* 111 Conn. 219, 224, 149 Atl. 671. In such a situation as here presented, the plaintiff might be found to have reasonably assumed that vehicles proceeding to the east would keep upon the south side of the center line of the highway. The jury might reasonably have concluded that the plaintiff was not guilty of contributory negligence, and there is no error in the failure of the trial court to set the verdict aside.

What has been said sufficiently disposes of the claimed error in the portion of the charge dealing with contributory negligence quoted in the assignments of error. In the part of the charge dealing with the defendant driver's negligence, the trial court read to the jury the statute concerning the duty of an automobile

driver approaching a street intersection, provided there are signs posted upon the highway, to reduce his speed and give a timely signal when reasonable care requires and to keep to the right of the intersection, adding that the principles of law to which it had called attention all related to reasonable care under the circumstances. The defendants claimed error in this charge upon the ground that there was no evidence that there were any signs posted at the time of the accident and because the failure of the defendant driver to give any signal could not have been a material circumstance in producing the accident. As to the first ground, we must test the charge by the claims of the parties as to the facts proven which are stated in the finding, and it there appears that the plaintiff offered proof and claimed to have proven that there was such a sign as the statute requires at the time of the accident and the defendants' claims of proof indicate nothing to the contrary. As to the second ground, the trial court gave to the jury a general charge that any negligent conduct of the defendant driver they found to exist must, to be a basis of recovery, be a proximate cause of the plaintiff's injury, and in the absence of a request it was not required to deal in detail with the matter of the failure of the defendant driver to give a signal, apparently a very incidental matter in the trial of the case, nor can we say as matter of law that, had he given a signal of his approach the plaintiff would not have appreciated that she might be in a position of danger and taken steps to protect herself.

One of the grounds of recovery stated in the complaint was the wanton misconduct of the defendant driver. The trial court instructed the jury as to this claim and added that if the jury found it proven, the contributory negligence of the plaintiff would not de-

bar her from recovery. The defendants now claim that the trial court should have gone further and instructed the jury that, even though this was so, reckless conduct upon the part of the plaintiff materially contributing to the injury would prevent her recovery. The defendants apparently did not make this claim upon the trial. The finding as to the facts they claimed to have proven does not suggest it nor is it included in their requests to charge. Under such circumstances we should in any event hesitate to find error in the failure of the trial court to charge as to it. But, however that may be, the verdict was a general verdict and though there was error in the charge as to the cause of action founded upon the alleged reckless conduct of the defendant driver, we could not order a new trial if there was none as to the cause of action based on negligence. In *Ziman* v. *Whitley,* 110 Conn. 108, 115, 147 Atl. 370, we expressly pointed out that in an action where both negligence and wanton misconduct are alleged and there is a general verdict, an error as to one cause of action will not avail the appellant if there were none as to the other.

The trial court was not requested to charge the jury as to the statute, General Statutes, § 6191, which subjects to a criminal penalty any pedestrian who uses a highway negligently or recklessly; as far as the provisions of this statute concerning negligence are concerned, at least as applied to a civil case, it establishes no other standard of conduct than does the common law, as to which the trial court charged the jury; and what we have already said disposes of any claim of error as regards its application to reckless misconduct of a pedestrian.

The defendants claim error also in the trial court's statement to the jury that it was in evidence undisputed that the plaintiff was earning $30 a week, which

would bring her loss of wages during the time she was incapacitated to $2370, and in its statement in its instructions upon returning the jury for further consideration after they had brought in a verdict for $3221.87, that this sum was less than the special damages proven. It appears among ·the facts that the plaintiff claimed to have proven that the plaintiff at the time of the injury was earning $30 a week and the claims of proof of the defendants do not dispute this, but only go to the fact that the work she had been engaged ·upon previously had stopped before the accident and she had just embarked upon a new employment. It does not therefore appear that it was disputed that the plaintiff at the time of the accident was earning $30 a week or that the court might not properly regard that as proven. If the defendants desired to raise a question as to the reasonable probability that the plaintiff would have continued to earn that sum during the time of her incapacity, they should have indicated it in their requests to charge.

The instructions given the jury upon their return for further consideration of the case were not erroneous. The extent to which a trial court shall instruct a jury as to its right to persist in a verdict after reconsideration depends upon the circumstances of each case. Where there may be a reasonable difference of opinion, the court should be careful not to give the impression to the jury that they must return a different verdict and should make it clear to them that it is their right to persist in that first returned. On the other hand, if the verdict first returned is so clearly unreasonable that the trial court would be bound to set it aside, the jury have failed to perform their duty and the court would be justified in pointing that out to them. *Sheffield* v. *Beckwith,* 90 Conn. 93, 97 96 Atl. 316; *McCleary* v. *Rothenberg,* 111 Conn. 730, 731,

151 Atl. 164. For them in such a case to persist in their verdict, while within their power, would not be a proper exercise of it. In such a case a trial court is not under an obligation expressly to instruct the jury that after reconsideration they may return the same verdict, but it does its full duty if it leaves it open to them to do so. In the present case that is what the trial court did and it was not incumbent upon it to do more. *King* v. *Haynes,* 114 Conn. 396, 398, 158 Atl. 915.

There is no error.

In this opinion the other judges concurred.