ADELE PERKEL *vs.* ARTHUR M. GRAYSON.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 6th, 1934—decided February 6th, 1935.

*Ralph O. Wells,* with whom, on the brief, was *William S. Locke,* for the appellant (defendant).

*Jacob Schwolsky,* for the appellee (plaintiff).

MALTBIE, C. J.   At about six o'clock on an evening in December the plaintiff went to a two-family house owned by the defendant for the purpose of getting her small daughter, who was visiting the family which occupied the first floor.   The plaintiff rang the front door bell and, getting no response, went to the back entrance.   Opening the door, she entered.   The entrance way was unlighted and quite dark.   She stepped to the right upon the landing inside the door to allow it to close and taking a step or two forward fell down an unguarded flight of cellar stairs.   Both apartments in the house were rented at the time, and the doorway and landing afforded a common entrance to both apartments.   Judgment having been rendered for the plaintiff, the defendant has appealed.

The defendant vigorously contends that there was no duty upon the defendant as owner of the premises to keep the entrance way in a reasonably safe condition.   The finding is silent as to the terms of the leasing of the apartment nor are we asked to make any additions to it which would define those terms.   The court has found that the entrance way was not a part of the premises leased to either tenant and, while this finding is attacked, it is a reasonable inference from the evidence appearing in the record.   Nor is there anything to suggest a lease of any portion of the premises to the two tenants in common.   From the finding, with a few additions which the defendant is entitled to

have made, it appears that he did not inspect the premises to determine their condition, and only had repairs made to them when complaint was made by the tenants or, infrequently, when an employee of his called his attention to something which needed attention. The tenants cleaned the stairways and entrance landing, the tenant of the lower floor caring for the stairs from the landing level with his apartment to the landing at the ground level, which was the one from which the plaintiff fell. The tenants also took care of the premises about the house, cutting the lawn, shoveling the walks and the like. In brief, except as regards the making of repairs as above stated, the defendant left the care of the premises entirely to the tenants. There was an electric light located on the landing on the level with the first floor apartment, which was used only by the tenant of that apartment, in connection with a refrigerator located on the landing; the tenant had notified the defendant some weeks before the plaintiff's fall that this light was not functioning; and he repaired it after the accident.

When a person is invited to enter upon the premises of another he naturally assumes that they are in a reasonably safe condition for his use, and he enters them in the faith that this is so. This basically just reliance on his part upon the safe condition of the premises necessarily implies a duty upon the landowner or someone else acting in his stead to use reasonable care to keep the premises in a reasonably safe condition. If the landowner so deals with the premises as to place them within the sole possession and control of another, so that the former no longer has any right of entry, as where he leases them without express or implied reservation of such a right, he cannot be held to a performance of a duty of inspection and repair, which he could not perform without such

entry. *Chambers* v. *Lowe,* 117 Conn. 624, 169 Atl. 912. But if, though he has leased the premises, he has covenanted to make certain repairs and so impliedly would have a right of entry in order to make them, he may be liable to one injured through his failure to do so. *Dean* v. *Hershowitz,* 119 Conn. 398, 177 Atl. 262. If the landowner leases a part of the premises but retains control over the rest, he may be liable to one injured by the defective condition in that portion of them retained by him; and this is the basis of the rule that the owner of an apartment house is under a duty to use reasonable care to keep the common approaches, halls and stairways in such a building in a reasonably safe condition. *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 579, 173 Atl. 237. The foundation of the duty which the owner owes is the fact that he has a right of entry and control of the premises; *Beaulac* v. *Robie,* 92 Vt. 27, 32, 102 Atl. 88; 2 Underhill, Landlord & Tenant, p. 800; while on the other hand no tenant can claim exclusive control of them. 92 Am. St. Rep. 521, note.

Indeed, the imposition of the duty upon the landlord in such a case is necessary, if a person visiting the premises is to receive the protection to which he is entitled. Measures needed to secure such protection may involve changes in or additions to the premises, and if the making of these were left to the determination of the tenants of a building, they might not be able to agree as to the method which should be used. As illustrating this, in the case before us, builders, as witnesses, while agreeing that a door at the head of the cellar stairs would have afforded protection to the plaintiff, were in disagreement as to the direction in which such a door should swing. Primarily the duty rests upon the landowner to take the steps necessary to provide the protection to which a visitor to the

premises is entitled; and this duty continues to rest upon him unless he has surrendered to another control and possession of the portion of the premises where the accident occurred. *Beaulac* v. *Robie,* supra. Unless he has done that, the fact that he has failed to take any steps to inspect the premises or make necessary repairs or alterations is no defense to him. Otherwise his very failure to perform his duty would be the basis for holding that the duty did not exist. Assumption of control of property by another may impose a duty upon him to deal with that property in such a way as not to cause injury to persons visiting it; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 175 Atl. 780; but this principle would not release from liability the person actually having the right of control over the property merely because he failed to exercise it, and left it to another to do those things which should have been done.

Applying this principle to the case before us, the common entrance way where the plaintiff fell was not leased to either tenant or to both in common nor was it in the exclusive control of either or both. The defendant had at all times the right to enter to inspect it and to make repairs or alterations necessary to protect those visiting the premises. Such acts as were performed by the tenants upon the portions of the premises not leased to either were voluntary upon their part and could not release the defendant as landowner from his duty to use reasonable care to keep the entrance way reasonably safe. That the building in question was a two-family house can make no difference in the application of the principle we have stated. *Brandt* v. *Rakauskas,* 112 Conn. 69, 72, 151 Atl. 315; *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 159 Atl. 282.

But, even though the defendant was under a duty

to use reasonable care to keep the entrance way reasonably safe, the defendant contends that he did not, in law, fail in that duty. The trial court concluded that the defendant was negligent because of the failure to provide adequate lighting for the entrance way and because it was so poorly constructed that it was dangerous to one using it in a reasonable manner, especially at night, when it was unlighted. The defendant construes these conclusions to mean that the sole basis of the trial court's decision was that it was negligence for the defendant not to maintain adequate lighting facilities at the entrance way, and he asks us to reconsider what we said in *Gibson* v. *Hoppman*, 108 Conn. 401, 409, 143 Atl. 635, as to the common-law duty of a landlord to provide light in a common hallway in an apartment building, especially as applied to a two-family house. There is, however, no need to do that. The second conclusion of the trial court was based upon the faulty construction of the entrance way, although the trial court recognized that the danger from it would be peculiarly present when it was unlighted at night. The entrance way was so constructed that anyone entering the door would be compelled to take a step to one side to let the door close and in so doing, he would come into a position where the trial court might reasonably consider that he was in imminent danger, if he took one or two steps more, of falling down the stairway. That the defendant was negligent in not taking precautions to guard against such an accident was a conclusion which the trial court might reasonably reach. *Johnson* v. *Pulidy*, 116 Conn. 443, 446, 165 Atl. 355. This conclusion is sufficient to sustain the judgment, whether or not the other conclusion of the trial court that the defendant was negligent as regards the failure to have

a light in the entrance way was correct. *Oginskas* v. *Fredsal,* 108 Conn. 505, 509, 143 Atl. 888.

The plaintiff had never used this entrance before. Opening the door, she stepped inside. The door had a spring which would automatically close it. The plaintiff stepped to her right to let it close and took only a step or two ahead when she fell. It was dark, so she could not see what was before her, but she had a right to assume that there would not be such a pitfall close inside the door as was afforded by the unguarded stairway to the cellar. We cannot say that the trial court could not reasonably reach the conclusion that the plaintiff did not act otherwise than as a reasonably prudent person would have done under the circumstances. *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 525, 131 Atl. 501; *Gibson* v. *Hoppman,* 108 Conn. 401, 403, 143 Atl. 635; *Burk* v. *Corrado,* 116 Conn. 511, 514, 165 Atl. 682; *L'Heureux* v. *Hurley,* 117 Conn. 347, 358, 168 Atl. 8.

There is no error.

In this opinion the other judges concurred.