WATERMAN, Respondent, vs. HEINEMANN BROTHERS COMPANY, Appellant.

*October 11—November 9, 1938.*

For the appellant there was a brief by *Bird, Smith, Oko-neski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

For the respondent there was a brief by *Rufus K. Breihan* of Antigo, attorney, and *Genrich & Genrich* and *Herbert Terwilliger,* all of Wausau, of counsel, and oral argument by *Mr. Breihan* and *Mr. Fred W. Genrich, Jr.*

FOWLER, J. The action is for recovery for injuries sustained in falling down a stairway in defendant's store claimed to have resulted from violation of the safe-place statute (sec. 101.06). The jury found the stairway not safe because of the location near it of a notion counter and dress racks, insufficient lighting, and absence of signs. They found the plaintiff not negligent.

(1) Defendant claims the findings are not supported by evidence, that is, that the place was safe as matter of law; (2) that the damages assessed are excessive; and (3) the instructions were prejudicially erroneous.

The stairway down which plaintiff fell led from the first floor to the basement. The store is a department store, in which, as is customary in such stores, merchandise is exhibited on the first floor on counters placed around on the floor in rows with aisles for customers between the rows. The store faces west, is ninety-six feet deep and seventy-three

feet wide. The entrance is at the center. A notion rack extended south of the stairway alongside and close to it and seven feet six inches east of it and up to one of the pillars supporting the second floor. In front of the stairway was an open space extending east thirteen and a half or fourteen feet in front of it. To the north of this space dress racks were located extending for seven feet three inches east from the head of the stairs. It is seven feet six inches from the head of the stairs to the pillar at the end of the notion rack. The space between the notion rack and the dress racks was four feet one inch wide. All this space was well lighted and on the ceiling at the foot of the stairs was a light with a frosted bulb to prevent glare in descending the stairs. The basement was well lighted. The lights in the ceiling in front of the stairway were staggered so as to light the entire space. There is a two-hundred-watt light in the ceiling on each side of the head of the stairs and another in the ceiling back of the stair well. It is without dispute that the lighting at the stairway head and in front of it was ample. The plaintiff testified in substance as follows: She had never been in the store before the instant time. She entered the store at the front entrance at about 9 o'clock in the morning. She passed along the notion counter and turned south examining goods on display as she went along. She spent some time doing this, and finally turned and looked toward the northwest part of the store and decided to look around there. She started up the aisle going north and came to the pillar at the head of the notion counter. As she passed the pillar she was suddenly blinded by a bright light. She turned west. She knew she was not in the aisle she came in on. She didn't look ahead. She "probably had her eyes on those clothes" on the racks. Before she "got her eyes" she fell down the stairs. The light "blinded her just after she got" into the aisle leading to the stairhead. It seemed to be straight in

front of her and completely blinded her. She closed her eyes and continued to go straight ahead not knowing of the presence of the stairs. She didn't know whether she looked at the floor or not. She was walking along, and all at once a light hit her in the face. She couldn't open her eyes to see. She "didn't know what blinded" her. She took a few steps with the idea of getting beyond the light. The store was sufficiently lighted. She "hadn't any reason to believe the light that blinded her came from a light down at the foot of the stairs."

Under the undisputed evidence as to the lighting of the stairhead we consider that the plaintiff's claim of being blinded by light is in conflict with the physical facts and is utterly incredible. She may have been "blinded," but if she was, it was not from the lights in the store, but from failure of her eyes to function from physical causes. It is to be noted in this connection that the lighting here involved complied with the only order of the industrial commission that relates to lighting at stairheads. Order 3538 of the commission, so far as it relates to stairheads, reads:

"*Illumination.* Natural or artificial illumination shall be provided at the head and foot of all stairs . . . which are open to use. . . . The following intensities of illumination in foot candles shall be considered a minimum for the location specified."

There is no claim or suggestion that the minimum illumination was not provided. When the commission has provided the necessary elements of safety applicable to a particular place it is not for the court or jury to establish others. *Skrzypczak v. Konieczka,* 224 Wis. 455, 272 N. W. 659.

Another want of safety found by the jury was "in respect to placing of a notion counter and dress racks near the stairway as they were at the time of the accident." Negligence cannot be predicated upon the presence of the notion counter

because only the back of the counter faced the space in front of the stairhead. Merchandise displayed on it could only be seen from in front of it. As to the dress racks it is possible that a person might be close to the stairhead examining a dress and accidentally step back and fall down stairs, but the plaintiff was not doing this. She was blinded as she came around the pillar, and while blinded turned and walked at least seven feet four inches without looking at the floor or where she was going, and then fell down the stairs. There was nothing in the situation of the racks that had any causal connection with the plaintiff's fall. The finding of causal connection cannot be sustained even if under another state of facts a fall might be attributable to improper placing of the racks.

A photograph in evidence shows clearly that there is nothing in the location of the stairway that rendered it unsafe. It was as plainly observable as is any stairway to one approaching in front of it as was the plaintiff. If the presence of a dress rack so near the stairhead constituted the place unsafe to one examining merchandise upon it or taken from it, such element of unsafeness had no connection with plaintiff's fall according to her own testimony and the testimony of all others who observed her. There is not a scintilla of evidence that she was examining dresses on or from the racks. She merely walked down a stairway plainly observable, and she would have walked down it just as she did had the dress racks not been present. It is also to be noted that the space in front of the stairway was in conformance with the only order of the industrial commission that relates to spaces in front of stairheads. Order 6107 provides:

"*Passageways.* Every public passageway or aisle leading to or from the stairway, fire escape or exit door shall be kept clear and unobstructed at all times. . . ."

The commission having specified the requisites necessary to the safety of aisles leading to stairheads, it is not for the jury to establish others. *Skrzypczak v. Konieczka, supra.*

The other finding of want of safety was "with respect to maintenance of a sign or signs designed to warn or notify persons lawfully in said store of the existence of said stairway." The jury's finding here is also without support. The newel posts and the light in the ceiling at the foot of the stairs were all the "signs" needed to warn anybody who was advancing toward the stairhead who was looking, and one "blinded" so he could not see walking ahead as was plaintiff would not have seen any other signs had there been any. The plaintiff was blinded and went ahead without looking. If she could not see and thus would not have seen them had there been signs, absence of them had no causal connection with her fall. Moreover, the order of the commission as to the essentials to render aisles leading to stairheads safe does not require signs.

The findings of want of safety found by the jury being all without support in the evidence, it is unnecessary to consider the other assignments of error.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with instructions to dismiss the complaint.