SCHLICHT and another, Appellants, v. THESING and another, Respondents.

*May 8—June 6, 1967.*

The cause was submitted for the appellants on the brief of *Leonard R. Chojnacki, Moen, Sheehan & Meyer,* and *L. E. Sheehan,* all of La Crosse, and for the respondents on the brief of *Lawrence M. Engelhard* of La Crosse.

HALLOWS, J.   The procedure whereby summary-judgment matters are reviewed was recently described in *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. (2d) 275, 277, 137 N. W. (2d) 49, and quoted with approval in *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 538, 141 N. W. (2d) 261, and *Skyline Construction, Inc., v. Sentry Realty, Inc.* (1966), 31 Wis. (2d) 1, 4, 141 N. W. (2d) 909.  That procedure entails first an examination of the evidentiary facts set forth in the affidavits and

documents submitted in support of the motion to determine whether they establish, *prima facie,* a cause of action if the motion is by the plaintiff or a defense if the motion is by the defendant. The affidavit, if made on behalf of the defense, must state such evidentiary facts ". . . as shall show that his denials or defenses are sufficient to defeat the plaintiff . . . ." If such a defense is established, the affidavit of the plaintiff is examined to determine whether issues of fact are shown ". . . which the court shall deem sufficient to entitle him to a trial." Sec. 270.635 (2), Stats. If only a question of law is raised, it should be decided. Summary judgment is, however, a drastic remedy and should be used only when there exists no substantial issue of fact or inferences to be drawn from the facts. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Skyline Construction, Inc., v. Sentry Realty, Inc., supra.*

The material facts, which are not in dispute, are substantially as follows. Edna Schlicht is the mother of the defendant Ruth Thesing and had arranged to take care of the minor children of the defendants while Mrs. Thesing was hospitalized for the delivery of a child. On April 11, 1963, Ruth Thesing phoned her mother and told her she was ready to leave for the hospital. Edna Schlicht was brought to the Thesing home to care for the children and that night slept with the two Thesing children in their bedroom.

The Thesings had extensively remodeled their home some time prior to the accident and about two months previously had relocated the basement stairs to the new section of the house. The remodeling consisted of adding a basement, a kitchen and a master bedroom. As one leaves the new kitchen through an archway he enters a small hall 3½ feet wide and 7½ feet long which consists mostly of doors. Immediately on the right is a door to the linen closet and then the door to the master bedroom. Opposite the linen closet and on the left as one enters the

hall from the kitchen is the bathroom door and then the door to the children's nursery and bedroom. At the end of the hall is the door which leads to the basement. The hallway is lighted by a light fixture containing a 60-watt bulb which is activated by a light switch on the wall in the middle of the hall. The kitchen light consists of two 75-watt bulbs and the light from the kitchen shining through the archway lights the hallway. One can also enter the hallway from the older part of the house through the children's bedroom and nursery.

On the second night of her stay, Edna Schlicht had gone to bed with the two Thesing children in their room but about 10 p.m. was awakened by another daughter Connie, who had come to spend the night. They decided that each adult would sleep with one of the children and that Mrs. Schlicht would prepare a bed in the master bedroom. Mrs. Schlicht left the children's bedroom and entered the hall to go to the master bedroom. Instead of opening the door to the master bedroom she opened the door to the basement steps and, upon stepping in, tumbled down the stairs and suffered injuries. There was no landing at the top of the stairs and the door swung in over the stairs. The light for the stairway was located on the wall about two feet inside the door and about five feet above the projected level of the hallway floor. There is no evidence that Edna Schlicht attempted to turn on the light in the hallway or to search for a light before entering what she claims she thought was the master bedroom. This light was equipped with a pull cord.

In our first opinion we decided that Edna Schlicht was a business invitee and not a social guest in her daughter's home for the purpose of taking care of the children and as such the defendants owed her the duty of exercising ordinary care for her safety, either by having the premises in a reasonably safe condition or by giving her adequate and timely warning of latent and concealed perils known to the defendants but not to her. See also Restate-

ment (2d), Torts, p. 215, sec. 343. Construing the allegations of negligence in the complaint with respect to "failing to have said hallway and the basement stairs sufficiently lighted," we took the allegation to mean that no adequate lighting facility was installed in the hallway rather than a failure of the defendants to have an existing light turned on. We thought this was important because if the hallway was equipped with an adequate electric light activated by a switch or pull cord, no negligence could be predicated on the defendants' failure to have switched on such light before turning the premises over to the plaintiff and ". . . if defendants provided adequate lighting facilities, plaintiff was required to use them. Use of the light would have made any danger arising from presence of the stairway obvious and consequently defendants would have had no duty to warn of such danger." 25 Wis. (2d) at 441.

On this appeal, it is a fact that both the hallway and the stairway were provided with lighting facilities and there can be no serious dispute the lighting facilities in the hall and over the basement stairs were adequate for their respective purposes if the plaintiff had used them.

It is argued the position of the pull cord for the light over the basement stairs and the failure to provide a landing at the head of the basement stairs created an unsafe condition, but taking the plaintiff's uncontradicted testimony as true, as we must on summary judgment, a landing would not have prevented the fall as the plaintiff thought she was in the bedroom and she made no effort to turn on the light. The cases of *Perkel v. Grayson* (1935), 119 Conn. 465, 177 Atl. 534, and *Dexter v. Fisher* (1939), 256 App. Div. 738, 11 N. Y. Supp. (2d) 776, are not in point. We do not think the lack of a landing at the head of the stairs and the position of the light switch created an unsafe condition in a private home. See on this problem Anno. Injury to Tenant—Stairways, 25 A. L. R. (2d) 364, 373.

It is argued in the briefs, although not alleged in the complaint, that the lighting was inadequate since the plaintiff coming out of bright lights of the nursery could not see the darkened steps of the basement because the lighting from the kitchen would be insufficient and if the light in the hall were on it would have shone in her eyes, so that she would not "have her eyes" when she opened the basement stairs. This argument is without merit and there is no basis in the affidavits that either situation was a fact. The analogous argument that too-bright lights created an unsafe situation by causing temporary blindness was rejected in *Waterman v. Heinemann Brothers Co.* (1938), 229 Wis. 209, 211, 212, 282 N. W. 29, and in *Schoenfeldt v. Babcock* (1965), 26 Wis. (2d) 569, 576–578, 133 N. W. (2d) 262.

Lastly, it is argued the defendants owed the plaintiff the duty to warn of the dangers or the hazards of the relocated stairway. There is some evidence Edna Schlicht did not know the exact location of the master bedroom and she did not know the basement stairs had been relocated to the end of the hallway. On a motion for summary judgment we accept as a fact the plaintiff did not know the location of the master bedroom and that the basement stairway had been relocated. However, we find no hidden or concealed defects or perils in the placement of the stairway. Stairs leading from hallways are common in homes and even to one temporarily in a strange home, an owner would not ordinarily realize an unknown stairway involved an unreasonable risk. We find no duty upon the defendants to warn Mrs. Schlicht of the relocated stairway because it would have been obvious to the plaintiff if she had exercised ordinary care and used the available lighting facilities. We cannot hold the defendants should have reasonably foreseen the plaintiff's conduct which resulted in her injuries.

*By the Court.*—Judgment affirmed.