George B. Parsons, J.
Defendant in the above-entitled action has appealed to the County Court of the County of Wayne, New York, from a judgment of conviction entered in the above-entitled action on the 8th day of November, 1958, convicting the defendant of a traffic infraction in violation of section 1124 of article 14 of the Vehicle and Traffic Law, allegedly-committed on October 7, 1958, in the Town of Williamson, New York, on the following grounds:
1. That the statute involved is unconstitutional, it being too vague and indefinite to constitute a sufficient definition of criminal conduct and contains no sufficient standard whereby such conduct can be tested;
2. That the information was legally insufficient;
3. That the laying of the second information and charge was improper in that the defendant was held to answer for a charge previously dismissed;
4. That upon the whole evidence the People failed to prove beyond a reasonable doubt the guilt of the defendant;
5. That there was error in the admission and rejection of evidence upon the trial to which objection and exception was made.
This matter was argued before the court in the latter part of July, 1959, by attorney Robert L. Purchase, for the appellant, and Assistant District Attorney Maurice E. Strobridge for the People. Memoranda was submitted to the court in September, 1959 and by stipulation of both attorneys the decision was deferred until after the December Term of County Court for further memoranda and an elaboration of the facts.
There are, of course, a number of points on which the appellant, Donald East, makes his appeal to the County Court. The memoranda has been studied thoroughly as have the minutes of the proceeding, together with all the other papers in connection therewith, and a number of pertinent cases.
*531 The court is not going to, in this decision, give any opinion on any of the points brought up by the appellant except the first and fourth points because the decision of the court in respect to either point will eliminate the necessity of ruling on the others. The court holds with the appellant that the statute involved, namely, section 1124 of article 14 of the Vehicle and Traffic Law, is unconstitutional on the grounds that section 1124 is not clear, concise -and positive enough by its wording to give a definite and unequivocal definition from which either a citizen or the police can have any criteria on which to base just what the law requires.
The police or enforcement officers -should not have to be uncertain as to just what and where to draw the line between obedience and compliance with the law as against a breach of the law. This has been done, as the court in this case is trying to do, in order to assert the right of the judiciary to look into the interpretation of the statutes and by declaring them unconstitutional infer to the Legislature that they should be corrected for the benefit of both the citizenry and the law enforcement. Making rules for traffic controls is peculiarly a legislative job. This decision is handed down while the Legislature is in session and they may rewrite the section to clarify it if they follow the thinking of the court.
The section states in the first full sentence: “No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.” The court does not believe that this is as clearly defined as it could or should be. It vaguely refers to “ clearly visible ” and to being free of oncoming traffic for a “ sufficient ” distance ahead. The Legislature in enacting this then goes into the second sentence of the same section and refers to exact numbers of feet. They refer to numbers of feet in other sections. They refer to distances and define such distances not leaving a conjecture as to “sufficiency” but definitely stating, hazards, dangers or feet distances. Whether it be an ordinary citizen, an ordinary police officer, or even a truck driver, they could not be able to agree among themselves as to what is a “ sufficient” distance, what constitutes a “complete” passing, and a conclusion, which is all it would be, as to whether under -all circumstances in each particular ease passing would or would not interfere with safe *532 operation. The court agrees with the contention of the appellant that this section leaves too much up in the air for either the citizen or the police officer to determine what is a “ sufficient ” distance to permit overtaking and passing completely without interfering with the safe operation of approaching or overtaken vehicles. It remains a question of guesswork, conjecture, and a conclusion which could be drawn in diametrically opposite ways because of the viewpoint of either the driver, the witness or the police officer.
In the case in question here this very situation presents itself in the evidence. The defendant and a disinterested witness testify that the statute was complied with. The trooper, although giving no concrete evidence of his being forced from the road or in eminent danger from the defendant’s car in passing, turned around and made the arrest.
The courts have consistently held that where a statute is too vague and indefinite as to constitute a sufficient definition of criminal conduct and contains no sufficient standard by which a driver’s conduct will be tested it is improper, unconstitutional and should be clarified. In the case of People v. Firth (3 N Y 2d 472, 474) the court said, “ We may guess at what was intended by the draftsman and * * * there is material available to show what was intended. But that is not sufficient. ’ ’ People v. Zanchelli (8 Misc 2d 1069,1070) goes so far as to state that, “It is a well-recognized principle of law that a statute which either forbids or requires the performance of a certain act in language so vague that men of common experience and intellect must necessarily guess at its meaning, and among them may differ as to its application, violates the first essential of due process of law. * * * The basis of such a holding comes from our own ordinary conception of fair play.” None of the oases holding on this principle involve the same set of facts as in this case. However, the court in the Zanchelli case covers that by saying (p. 1071): “all that the Court of Appeals said in its opinion in People v. Firth (supra) could be said of the statute here involved”.
By the same token this court feels that all that has been said in all of the case law on the subject of a statute vague and indefinite being unconstitutional applies to section 1124 of article 14 of the Vehicle and Traffic Law, as it is presently worded. It should be corrected.
The Legislature and the Traffic Commission of this State have scientific facts and figures on speed and time distances on which to base a more specific definition as to what is required of the operator in this statute. In this day and age, for example, a *533 driver on the highway certainly can, while driving, reasonably gauge distances of 200 to 600 feet even if he might be unable to do so on shorter distances.
The statute should state the footage for overtaking and passing and let the courts decide, on the evidence, if that requirement set forth ¡in the statute was met. Under the present statute they merely have opinion evidence as to “ sufficiency ”, which is too vague and indefinite. To further quote the Firth case (supra) which the Court of Appeals used in the Zanchelli case to back its opinion even with an entirely different violation, Judge Desmond said substantially, among other things, that the statute must be clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed, and statute must be informative on its face.
Although the court firmly feels that this statute is unconstitutional for the reasons stated above, the court must also rule that the evidence adduced by the People here was insufficient under the vague wording of this statute to sustain a conviction. The testimony was conflicting and confusing as to distances and speed. There is not sufficient evidence to definitely show incomplete or complete passing; sufficiency or insufficiency of distance; clear visibility or so obstructed as to not be clear; interference or noninterference with safe operation. These are questions of fact not conjecture or surmise. The question of the negligent operation of a motor vehicle cannot be left to guess, surmise, or speculation (Lahr v. Tirrill, 274 N. Y. 112; Matter of Dietrichsen v. Macduff, 280 App. Div. 1016; Hessney v. Macduff, 284 App. Div. 70).
Actually and in essence, since the courts hold that negligence may not be found in a civil action based on guess, speculation and surmise, guilt certainly may not be so found in an action of the nature being considered on this application where the guilt of the appellant must be established beyond a reasonable doubt.
This failure is preponderantly the fault of the statute itself as it gives the parties and the court no clear standard on which to base proof.
There are a great number of accidents which begin or wind up from the result of miscalculations by overtaking vehicles. Mo law is going to cure the happening of these unfortunate tolls on our highways. However, the law certainly can be made definite and clear enough so that the citizen will have some criteria on which to base his calculations and the enforcement officers will have some definite basis on which to make their charge or lay their information.
*534 Therefore, the judgment of the Justice Court of the Town of Williamson as a Court of Special Sessions convicting the defendant, Donald East, is hereby reversed and the fine may be remitted.