Van Voorhis, J.
The People argue that the court below erred in holding that subdivision (c) of section 1180 of the Vehicle and Traffic Law was unconstitutionally vague and indefinite ; that the evidence was legally sufficient to prove defendant guilty beyond a reasonable doubt and so created a question of fact; and that this court has jurisdiction to reverse the court below and order a new trial.
The County Court said that “ The wording of section 1180(c) lacks standards as to what is reasonable and prudent under a given set of circumstances and is too vague to have validity.” Appellant argues that “ Subdivision (c) expressly incorporates *138 the standard of subdivision (a), which was upheld in People v. Lewis [13 N Y 2d 180].” Whether subdivision (c) of section 1180 is void for vagueness depends on whether subdivision (a) is to be read into it.
The language of these subdivisions of section 1180 is as follows:
“ Basic rule and maximum limits, (a) No person shall drive a motor vehicle on a public highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.
¡X* * *
(c) The driver of every vehicle shall, consistent with the requirements of subdivision (a) of this section, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when any special hazard exists with respect to pedestrians, or other traffic by reason of weather or highway conditions.”
In People v. Lewis (13 N Y 2d 180, 183) we held subdivision (a) to be sufficiently definite to be constitutional, in that it “ has nothing to do with the wrongful operation of a motor vehicle in any other respect than speed. Subdivision (a), under which appellant was convicted, was designed for situations where the Legislature considered that the maximum speed should be less than the speeds prescribed in miles per hour, in order to limit the operation of motor vehicles under unusual circumstances — too various to be specifically defined — to such a speed-as would be reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing.”
The revision note appended to section 1180 says that “ Subsection (c) also enumerates some of the more common hazards.”
Our interpretation of the language of subdivision (c) that “ The driver of every vehicle shall, consistent with the requirements of subdivision (a) of this section, drive at an appropriate reduced speed ” (italics supplied) is that it applies subdivision (a) to the specific situations enumerated in subdivision (c). Subdivision (c) specifies approaching and crossing an intersection or railway grade crossing, approaching and going around *139 a curve, approaching a hill crest, traveling upon any narrow or winding roadway, special hazards with respect to pedestrians, or other traffic by reason of weather or highway conditions as being instances of “ actual and potential hazards then existing ” which could call for a reduced speed under subdivision (a). So construed, there would appear to be no difficulty in upholding the constitutionality of subdivision (c) under which respondent was convicted in the Court of Special Sessions of the Town of Rotterdam, Schenectady County.
The County Court, on appeal, not only concluded that subdivision (c) was invalid but added: “ Even if we were to assume its validity, the Court, for the reasons stated, must find that the People have failed to prove their case and the information, on motion, should have been dismissed at the close of their case.”
The reasons stated on account of which the County Court considered that respondent had not been proved guilty beyond a reasonable doubt were that “ There was no testimony as to the speed limit at this point in the public highway nor was there any evidence that defendant ‘ failed and neglected to reduce his speed.’”
In our view a question of fact was presented concerning respondent’s guilt under section 1180 of the Yehicle and Traffic Law. During the trial the Assistant District Attorney asked defense counsel to stipulate that the speed limit on that particular road was 30 miles per hour but, on objection by the latter, proof of the speed limit was excluded. This ruling appears to be correct. On the basis of the testimony of respondent alone, we would agree with the County Court that, as matter of law, he had not been proved guilty beyond a reasonable doubt. According to respondent’s testimony, “As I was completing a right curve, a car which I saw just completed a left curve and came down the left center of the road. In order to avoid a headon collision I moved to the right side of the road. * * * I was on the right-hand shoulder. As a result the ear went into the ditch.” There would be no reason to infer that his automobile skidded off from the curve in violation of section 1180 of the Vehicle and Traffic Law if, as respondent testified, he was confronted by another automobile meeting him headon upon the wrong side of the road. There would be a reasonable doubt as matter of law concerning whether *140 respondent, in an emergency not of Ms own creation, was not required to drive off the road in order to avert a headon collision.
Upon the other hand, the girl who was riding with respondent testified not only that she saw the speedometer reading about 40 miles per hour, but that there was no ear coming in the opposite direction. It is true that she was an interested witness, since she herself was injured in the accident, and that she had previously signed a statement in which she said that they were not driving in excess of 30 miles per hour and were forced off the road because of a car coming toward them, but her credibility was for the trier of the fact.
It is some evidence that defendant failed and neglected appropriately to reduce his speed if, without being confronted by an oncoming car, he ran off the road at the curve for 188 feet, ending 50 feet from the roadside and turning over several times in between. The circumstantial evidence establishes the latter facts.
If the trial court had acquitted respondent on the facts, or even on the law on the ground that the evidence for the People fell short of proving guilt beyond a reasonable doubt, no appeal would lie (People v. Marra, 13 N Y 2d 18; Matter of Kraemer v. County Ct., 6 N Y 2d 363), but it is otherwise where the reversal is, as here, by an intermediate appellate court (People v. Bellows, 281 N. Y. 67*; People v. 25 Stations, 3 N Y 2d 488; Cohen and Karger, Powers of the New York Court of Appeals [1952], § 202). In the Bellows case the court analogized section 50 of the Inferior Criminal Courts Act, stating that the intermediate appellate court (there Special Sessions) may render the judgment which the court below should have rendered, to section 543 of the Code of Criminal Procedure (from which that phrase is omitted) empowering other appellate courts to act on appeal, and stated that uniformity of practice in criminal cases in appellate tribunals should be preserved unless it is clear that the Legislature intended otherwise. The conclusion was reached that the intermediate appellate court could affirm or reverse on the law or the facts, unlike the Court of Appeals which in a non-capital case can only review questions of law (N. Y. Const., art. VI, former § 7 [now § 3]), but that a new trial must be granted, *141 instead of a dismissal of the indictment, if the reversal by the intermediate appellate court be on the facts rather than upon the ground that the People failed to prove the defendant guilty beyond a reasonable doubt as matter of law. Section 764 of the Code of Criminal Procedure, empowering the Schenectady County Court to act in this instance, contains language similar to former section 50 of the Inferior Criminal Courts Act which was involved in People v. Bellows.
Here, as in People v. Bellows (supra), we are confronted with a question of law, viz., whether subdivision (c) of section 1180 of the Vehicle and Traffic Law is constitutional and, if so, whether, as held by the Schenectady County Court, respondent was not proved guilty beyond a reasonable doubt. ' We hold that the statute is valid and that a prima facie case was established. We have power to review, inasmuch as the County Court dismissed the information, which it could only do (and did erroneously) in the determination of a question of law (cf. People v. Carmichael, 249 N. Y. 189). Inasmuch as the reversal of the County Court was also on the facts, the County Court could not dismiss but was obliged to grant a new trial. Since the reversal was on the facts as well as the law, we cannot reinstate the judgment of conviction rendered by the Justice of the Peace, and the indicated outcome is, therefore, that the order appealed from must be reversed and a new trial ordered.
Chief Judge DesmoNd and Judges Fuld, Burke, Scileppi, BeegaN and KeatiNg concur.
Order reversed and a new trial ordered.

 Followed in People v. Scheinman, 295 N. Y. 142; People v. Potskowski, 298 N. Y. 299; People v. Rudolph, 303 N. Y. 73; People v. Lee, 308 N. Y. 302.