Keating, J.
This appeal by the People is from an order of the Dutchess County Court which reversed a judgment of the Court of Special Sessions, Town of Rhinebeck (HaeriNGtok, J.), convicting respondent of violating section 1124 of the Vehicle and Traffic Law, remitted the fine and dismissed the information. Reversal is on the law to the extent that section 1124 was declared unconstitutionally vague and indefinite. Reversal is on the facts to the extent that the County Court held “ The People’s proof did not dispel a reasonable doubt.”
The jurisdictional contention raised by the respondent is that the reversal on the facts by the County Court constitutes an acquittal which is not appealable. The same question is considered in People v. Nappi (18 N Y 2d 136).
*145 The questions before us, therefore, are (1) whether section 1124 of the Vehicle and Traffic Law is unconstitutionally vague and indefinite and (2) whether the evidence was sufficient to make out a question of fact for the trial court sitting without a jury. Section 1124 stated :“No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.”
The County Court, relying in part upon an identical decision by the Wayne County Court (People v. East, 23 Misc 2d 529), held the statute vague, indefinite and not capable of an intelligent application. We disagree.
Applying the same standards applicable to prosecutions under the criminal law (People v. Hildebrandt, 308 N. Y. 397), in our opinion the statute is sufficiently clear and positive to give the average citizen unequivocal warning of the rule to be obeyed (People v. Firth, 3 N Y 2d 472; People v. Grogan, 260 N. Y. 138; People v. Meola, 7 N Y 2d 391).
The statute clearly deals with a standard for passing other vehicles in circumstances too numerous or unpredictable for particular enumeration (see People v. Lewis, 13 N Y 2d 180, 183). Section 1125 of the Vehicle and Traffic Law treats such specific situations as passing when approaching the crest of a grade or a hill, or a railroad crossing bridge, viaduct or tunnel.
The substance of the challenge against the statute seems to be directed at such terms as “ clearly visible ”, “ sufficient distance ” and “ completely made ” (People v. East, 23 Misc 2d 529, 531, supra). Presumably, the argument is that they leave too much to conjecture and that reasonable people may reach different conclusions from the same factual setting.
This misconstrues the constitutional standard. The use of terms such as “ reasonable and prudent under the conditions ” *146 (People v. Lewis, 13 N Y 2d 180, supra), “unnecessary or impracticable ” (People v. Meola, 7 N Y 2d 391, supra), “offensive, disorderly, annoy, or interfere ” (People v. Harvey, 307 N. Y. 588) and “ adequate * * * to prevent any excessive or unusual noise ” (People v. Byron, 17 N Y 2d 64) all require an exercise of judgment upon which people may disagree. People may disagree upon whether an act, otherwise criminal, was committed with the requisite “ intent” or whether a person’s conduct was “ reasonable ” under the circumstances but, as the above cases make clear, these requirements are not unconstitutional infirmities.
So long as the standards laid down by the statute are clear in their meaning and are capable of reasonable application to varying fact patterns, they cannot be faulted. There is no requirement that those who venture perilously close to proscribed conduct not run the risk of crossing the line, as subsequently determined by a jury. -Such questions are constantly presented to juries, as where the question is one of recklessness or disorderliness or reasonableness. If, in each case, the statute, where read as a whole, makes its purpose clear, gives “ ‘ “ unequivocal warning ’ ’ to citizens of the rule to be obeyed ’ ” (People v. Meola, 7 N Y 2d 391, 394, supra) and by its terms provides a reasonably definite standard by which conduct can be measured, it will not be struck down as vague or uncertain. It meets the test so long as it affords “some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements” (People v. Grogan, 260 N. Y. 138, 145, supra).
Returning to the language of the statute itself, it provided in its last sentence that “ In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction ’ ’ (amd. eff. Oct, 1, 1964 to a minimum of 200 feet [L. 1964, ch. 653, § 7]). Language could not be clear or more certain notwithstanding, we note, that whether the 100-foot requirement was met would depend on evidence, often conflicting, and upon the interpretation of which reasonable men might disagree. Seldom will there be objective proof, but the standard is sufficiently clear and certain.
*147 Before entering an oncoming lane for the purpose of passing, such lane must be “ clearly visible ” and “ free of oncoming traffic ’ Aside from hills and curves, ‘ ‘ clearly visible ’ ’ is plain language which might encompass such circumstances as weather conditions, hour of the day or evening, and artificial light conditions. It informs a driver, in no uncertain terms, of what is expected of him. The same is equally true of “ free of oncoming traffic ”.
But the statute does not stop there. It defines the extent to which such visibility and freedom from oncoming traffic must exist. They must exist ‘ ‘ for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.” This too, of course, depends on proof, but it is a standard which clearly informs the driver of what is expected of him and it affords a sufficient basis for measuring his compliance with that standard.
More precise language is difficult to imagine. An objective requirement, specified in feet, might have been made by the Legislature, but that is not required. Whether any particular number of feet adopted would meet the safety need would depend on circumstances. Depending on conditions, any specified footage might be too large or too small. The Legislature is not required to predict what is impossible of prediction. In short, a “sufficient distance ” depends on circumstances prevailing at the time when judgment must be exercised. That requirement does not make the statute vague or uncertain.
We conclude that the statute is not unconstitutionally vague.
The next question is whether the evidence presented a question of fact for the court sitting without a jury.
The arresting officer testified that he “ was proceeding North on Route 9G- when a United Parcel Post truck was proceeding South toward me. Suddenly a car came around the truck toward me. I was forced to put on my brakes and veer to the right in order to avoid a collision.” The officer also testified that he was traveling between 30 and 35 miles per hour and was slowing down to enter a side road. Defendant (respondent here), he said, finally returned to his own lane when he was ‘ ‘ about 30 feet ” away. Respondent established on cross-examination that *148 a broken line separated bis lane from tbe lane in -wbicb tbe officer was traveling.
In onr view, tbis was clearly sufficient to create a question of fact as to respondent’s compliance witb tbe statutory language. There is no question but that it creates a question of fact regarding respondent’s compliance witb tbe requirement of returning to bis own lane before coming witbin 100 feet of an approaching vehicle.
Tbe order of tbe County Court should be reversed and a new trial ordered.
Chief Judge DesmoNd and Judges Fuld, VaN Voorhis, Burke, Scileppi and BergaN concur.
Order reversed, etc.