Chief Judge Breitel
(concurring). A reading of the opinion by the Appellate Division, let alone of the record in the case, demonstrates that the basis for that court’s view in overturning the judgments of conviction was the Trial Justice’s grave errors, gross prosecutorial misconduct, and legal insufficiency of evidence. The opinion says as much. It could have hardly said anything on the weight of the evidence in view of the quantity and quality of the evidence received on the trial. If that were all to the matter there would be no question that these issues, constituting exclusively issues of law, are reviewable by this court. The Appellate Division, however, in its order reversed the convictions "on the law and the facts” and dismissed the indictment.
By including "the facts” in its order, the Appellate Division barred this court from review of the issue of legal insufficiency, concerning which one or more might come to a contrary conclusion. But by reason of the recital in the order of the Appellate Division, inconsistent with the language used by it in its extensive opinion, all but one of us considers the court barred from review of the real and substantial legal issues in the case.
Obviously, this produces an unfortunate and undesirable condition. Oddly enough, before the enactment of CPL, in the manner discussed by the majority opinion, there would have been no such bar to this court’s review of the issue of the legal sufficiency of the evidence effected by two little words "the facts” (see People v McCaleb, 25 NY2d 394, 396, 404).
In the time-honored tradition for courts or their members to suggest legislative change when the cases before them seem to so require, it would appear to be eminently desirable to retrace the legislative step and restore to this court the power to review questions of law following a conviction for a crime, despite a recital that the reversal is also on the facts. Of course, such a revision would not and could not constitutionally confer upon this court the power to evaluate, under the guise of determining whether the intermediate appellate court *65 has "really” made factual determinations, the weight of the evidence, a question of fact (NY Const, art VI, § 3). Instead, under such a revision the court would review only questions of law. The result of course could never be more than to direct a new trial as had been the rule under the former Code of Criminal Procedure. On this there is no disagreement. As the statute now reads, however, a mistaken order by a court, or an intended frustration of appellate review (a situation definitely not present in this case as a reading of the Appellate Division opinion demonstrates) is effective to bar salutary review despite the presence of real issues of law.
Related to the problem discussed, it is the plan of CPL to mandate dismissal of an indictment where the intermediate appellate court concludes that there has been a verdict against the weight of the credible evidence (CPL 470.20, subd 5). In such a case, under the former Code of Criminal Procedure only a new trial could be directed (see, e.g., People v Klose, 18 NY2d 141, 144; People v Nappi, 18 NY2d 136, 140; Cohen and Karger, Powers of the New York Court of Appeals, § 202, p 758). With the change in CPL the only corrective action available to the Appellate Division would be to dismiss the indictment (CPL 470.20, subd 2). Hence, however the evidence is viewed, on the narrow issue now presented to the court there must be a dismissal.
Accordingly, by constraint of statute, I agree with and concur in the majority opinion that while the judgments at bar are appealable, the issues the prosecution would have the court reach are not reviewable.