After a trial without a jury the three defendants were found guilty of reckless use of a highway by a pedestrian in violation of General Statutes 53-182.[1] The principal issues *Page 726 
raised in this appeal are whether 53-182 is unconstitutional for vagueness and overbreadth, and whether the evidence was sufficient to support the finding of guilty as to each defendant.[2]
The trial court found that on June 19, 1975, the defendants arrived at the General Electric Company plant on Spark Street, Plainville, at about 3:30 p.m. as the first shift employees were leaving the plant. After the employees of the plant had left the parking lot in their cars and had driven out the exit to Spark Street, the defendants proceeded to distribute to them a newspaper of the United States Labor Party, of which the defendants are members. Spark Street is a public highway[3]
extending north from the plant exit to route 72 where there are traffic control signals. At the time the defendants arrived two lanes of cars were moving north on Spark Street, bumper to bumper, at a speed of between five and ten miles per hour, in a stop and go pattern as the traffic signals at the intersection of route 72 and Spark Street changed.
In response to a complaint a Plainville police officer came to the scene. He testified, and the court found, that at the time of his arrival the three defendants were running between moving vehicles passing out some type of literature. After the defendants failed to heed his warning to cease their activities in the street, he radioed for assistance. After another officer arrived the defendants were arrested. *Page 727 
None of the cases relied upon by the defendants lends much support to their claim that General Statutes 53-182 is constitutionally vulnerable for vagueness or overbreadth. Cox v. Louisiana,379 U.S. 536, involved a breach of the peace statute. The term breach of the peace had been defined by the state court as meaning "to agitate, to arouse from a state of repose, to molest, to interrupt, to hinder, to disquiet." Id., 551. It was held that the statute as thus construed was fatally overbroad "in that it sweeps within its broad scope activities that are constitutionally protected free speech and assembly." Id., 552. No such vice can be discerned in 53-182. The claim that the words negligent and reckless establish an insufficient standard to control a police officer's discretion is unsound. Those words have precise legal definitions as elaborated in the decisions of the courts of this state. Goodsell v. Brighenti, 128 Conn. 581, 584; Atkins v. Varrone,127 Conn. 156, 159; Barbieri v. Pandiscio,116 Conn. 48, 53; Hizam v. Blackman, 103 Conn. 547,552; Mezzi v. Taylor, 99 Conn. 1, 11. It is utterly inconceivable that the use of those terms, which carry centuries of judicial gloss as to their interpretation and application, could render53-182 sufficiently indefinite to allow a conviction for activities protected by the first amendment. Quite properly the defendants have made no claim that the statute is insufficiently explicit to inform a person of ordinary intelligence of what conduct on his part is prohibited. United States v. Harriss, 347 U.S. 612, 617.
It is also claimed that the application of 53-182
to the defendants as they were engaged in exercising their first amendment rights was unconstitutional. The duty and responsibility of governmental authorities "to keep their streets open and available for movement" has been fully recognized. Cox v. Louisiana, supra, 555. "Nor could one, *Page 728 
contrary to traffic regulations, insist upon a street meeting in the middle of Times Square at the rush hour as a form of freedom of speech or assembly." Id., 554. "The State has a legitimate interest in enforcing its traffic laws. . . ." Colten v. Kentucky, 407 U.S. 104, 109. It cannot be said that that interest was so insubstantial that it was outweighed by the interest of the defendants in exercising their first amendment freedom. Cox v. Louisiana, supra, 577. (Black, J., concurring.) The defendants were not excused from compliance with a traffic regulation statute because they were engaged in constitutionally protected activities.
The claim that the evidence is insufficient to support the finding of guilty reached by the court requires only brief consideration. The first officer to arrive testified that the three defendants were running between cars and from one lane to another as they distributed their newspapers, that they had stopped traffic coming out of the parking lot gate as they attempted to solicit the drivers, and that the defendant Richard Ennis, who was between two lanes of traffic with cars coming two and three at a time, ignored the officer's command to discontinue that activity because he was endangering his life. The defendant Karen Ennis admitted during her examination that the place where she and the defendant David Peterson were standing, on the traveled portion of the street directly before the main gate as the employees of the plant exited from the parking lot, was dangerous. She said that cars were honking because they wanted to get out and that "there was quite a lot of pressure from other cars for the first car to keep moving, so there was no way you could distribute literature at that site." The second officer, who arrived after Karen Ennis and David Peterson had left the area of the gate and had taken a position near the intersection of *Page 729 
Spark Street and route 72, testified that he found those defendants between three lanes of traffic, two lanes proceeding in one direction and the third in the opposite direction. He stated that, in his opinion, their safety was in jeopardy. That evidence adequately supports the conclusion of the trial court that the defendants deliberately exposed themselves to physical danger and risk of injury by walking and running among moving vehicles in "two lanes of bumper-to-bumper, stop-and-go traffic." It would also support the conclusion that they deliberately exposed motorists leaving the plant "to unnecessary risk of accident or injury." That inference could readily be drawn from the distracting nature of the activities of the defendants under the heavy traffic conditions described in the testimony. "Recklessness is a state of consciousness with reference to the consequences of one's acts." Mooney v. Wabrek, 129 Conn. 302, 308. "[R]eckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger . . . involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Restatement (Second), 2 Torts 500, comment g. "The state of mind amounting to recklessness may be inferred from conduct." Mooney v. Wabrek, supra, 308. The conclusion of the trial court that each of the defendants was guilty of reckless use of the highway in violation of the statute is adequately supported by the `evidence.
 There is no error.
In this opinion PARSKEY and A. ARMENTANO, Js., concurred.