(No. 61548.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONALD WAWCZAK, Appellee.

*Opinion filed November 21, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Roma J. Stewart and Jill Wine-Banks, Solicitors General, and Mark L. Rotert and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, of counsel), for the People.

Melissa Black, of Bowers, Carney, Wiedel & Slansky, of Downers Grove, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Defendant, Donald Wawczak, was charged with a violation of section 11—1003.1 of the Illinois Vehicle Code (the section) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—1003.1), a petty offense pursuant to section 11—202 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—202). The circuit court of Du Page County dismissed the charge, holding that the section was "vague and ambiguous." The State appealed directly to this court pursuant to Supreme Court Rule 603 (87 Ill. 2d R. 603). The sole question presented for review is whether the section is unconstitutionally vague.

Defendant was involved in a traffic accident in the village of Woodridge, on September 13, 1984. According to the traffic-accident report prepared by the Woodridge

police, defendant's automobile came into contact with a bicycle operated by Dawn Cahill. The accident report described the accident as follows:

"DRIVER #2 [Cahill] WAS SOUTHBOUND ON WOODWARD AVENUE AT APPLE LANE AND WAS NEXT TO THE WEST CURB. DRIVER #1 [Defendant] WAS SOUTHBOUND AT THE SAME LOCATION. DRIVER # 1 DID NOT SEE THE BICYCLIST AND TURNED RIGHT ONTO WESTBOUND APPLE. IN DOING SO THE DRIVER OF UNIT #1 PULLED INTO THE PATH OF THE BICYCLE RIDER WHO THEN STRUCK THE REAR PASSENGERS SIDE AREA OF THE AUTOMOBILE."

Defendant was issued a traffic citation charging him with violating the section, which reads as follows:

"Notwithstanding other provisions of this Code or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian, or any person operating a bicycle or other device propelled by human power and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated or intoxicated person."

On October 16, 1984, the circuit court dismissed the complaint, stating that "the statute in question *** is vague and ambiguous in that it does not apprise a driver of any way to avoid being cited under this statute. Also, there is an element of intent involved being that of 'due care' of which there is no definition." On February 4, 1985, the State's motion to reconsider was denied, and this appeal followed.

A criminal statute is unconstitutionally vague if it fails to give adequate notice as to what conduct it prohibits. (*Jordan v. De George* (1951), 341 U.S. 223, 230, 95 L. Ed. 886, 892, 71 S. Ct. 703, 707; *People v. Caffrey* (1983), 97 Ill. 2d 526, 530.) However, neither the United States nor the Illinois constitution requires absolute cer-

tainty. A statute satisfies due process so long as its prohibitions are sufficiently definite when measured by common understanding and practices. (*United States v. Petrillo* (1947), 332 U.S. 1, 8, 91 L. Ed. 1877, 1883, 67 S. Ct. 1538, 1542; *People v. Wisslead* (1985), 108 Ill. 2d 389, 398.) Mathematical precision in language is not required. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 110, 33 L. Ed. 2d 222, 228-29, 92 S. Ct. 2294, 2300.) A statute is invalid due to vagueness only if "the terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any objective criteria or facts." *People v. Pembrock* (1976), 62 Ill. 2d 317, 322.

In addition, when first amendment freedoms are not involved, vagueness challenges must be evaluated in view of the facts of the particular case at hand. (*United States v. Mazurie* (1975), 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714; *People v. Matkovick* (1984), 101 Ill. 2d 268, 276.) In the case at bar the facts have not been adduced at a trial or hearing, and the charging instrument reveals no specific facts. The statute is thus being attacked on its face, and may be successfully challenged only if it is vague in all of its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 497, 71 L. Ed. 2d 362, 371, 102 S. Ct. 1186, 1192.

The trial court held the statute in question invalid in part because the term "due care" was not defined in the statute. However, a statute is not vague merely because an essential term is not defined within the statute itself. For constitutional purposes, a term is not vague if it has a definite and well-settled meaning in the common law (*Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 128; *People v. Garman* (1952), 411 Ill. 279, 282), and otherwise vague terms may be rendered definite by judicial con-

struction of the statute in question (*Chaplinsky v. New Hampshire* (1942), 315 U.S. 568, 573, 86 L. Ed. 1031, 1036, 62 S. Ct. 766, 770; *People v. Garman* (1952), 411 Ill. 279, 282), or by judicial construction of the same or very similar language in another statute (*Robinson v. Berman* (1st Cir. 1979), 594 F.2d 1, 3). So long as the body of statutory and decisional law gives fair notice of what is prohibited a defendant cannot complain that a particular statute, standing by itself, is vague.

The standard of care required by the section has been specifically construed in *Fleming v. Walls* (1978), 65 Ill. App. 3d 352, 356, which held that the correct question is whether or not the motorist was negligent in failing to avoid a collision. Negligence involves a failure to act as a reasonable person would under like circumstances; this concept is so embedded in our jurisprudence that citation is hardly necessary. In addition, the term "due care" has been well defined. In *Roberts v. Chicago City Ry. Co.* (1914), 262 Ill. 228, 233, this court defined due care as "that degree of care which ordinarily prudent persons are accustomed to exercise under the same or similar circumstances." More recent appellate court cases defining "due care" in essentially the same terms include *Dargie v. East End Bolders Club* (1952), 346 Ill. App. 480, 492, and *Morehead v. Mayron* (1972), 3 Ill. App. 3d 425, 427. *Roberts* also makes clear that "due care" is synonymous with the terms "ordinary care" and "reasonable care" (262 Ill. 228, 233), and there are numerous recent cases defining those terms in accord with *Roberts*. The term "due care" therefore has a well-defined meaning in this State.

When the statute here in question is read with reference to the judicial definition of "due care" it is clear that the statute is not impermissibly vague. The statute makes it clear that drivers must attempt to avoid colliding with bicyclists and pedestrians, employing that de-

gree of care which a reasonable person would have in the same situation. The fact that judges and juries might differ to some degree as to what care a reasonable person might employ does not make the *standard* a subjective one. A statute is not vague merely because it requires the trier of fact to determine a question of reasonableness. (*United States v. Ragen* (1942), 314 U.S. 513, 523, 86 L. Ed. 383, 390, 62 S. Ct. 374, 378; *People v. Green* (1938), 368 Ill. 242, 247-50; compare *Coates v. City of Cincinnati* (1971), 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686 (statute which substantially implicated first amendment rights held impermissibly vague because it allowed a conviction if a defendant's conduct annoyed *any* person, regardless of whether it was reasonable for that person to be annoyed).) The legislature need not "particularize all of the myriad kinds of conduct that may fall within the statute" (*People v. Raby* (1968), 40 Ill. 2d 392, 396), particularly where "the type of conduct alone is not determinative, but rather culpability is equally dependent upon the surrounding circumstances" (40 Ill. 2d 392, 396). It may be helpful when the legislature lists specific factors which may assist the trier of fact in determining reasonableness (see *People v. Matkovick* (1984), 101 Ill. 2d 268), but such a list of factors is essential only where the subject of the reasonableness determination falls outside of the experience of the average juror. In a case such as this the subject matter—the conduct of a reasonably prudent motorist—is so universal that it falls within the experience of nearly all potential jurors. Thus, statutes requiring reasonableness in traffic-related situations have withstood vagueness challenges in many other jurisdictions. See, *e.g., State v. Ennis* (1976), 33 Conn. Supp. 725, 368 A.2d 1186; *Smith v. State* (Fla. 1970), 237 So. 2d 139; *State v. Sylvain* (Me. 1975), 344 A.2d 407; *People v. McKee* (1968), 15 Mich. App. 382, 166 N.W.2d 688; *State v. Joas* (1961), 34

N.J. 179, 168 A.2d 27; *People v. Klose* (1966), 18 N.Y.2d 141, 219 N.E.2d 180, 272 N.Y.S.2d 352; *People v. Nappi* (1966), 18 N.Y. 2d 136, 219 N.E.2d 176, 272 N.Y.S.2d 347.

The defendant also argues that the statute in question is vague because it encourages discriminatory enforcement. Since a bicyclist may not be cited under the statute for causing a collision with an automobile, defendant argues that the statute encourages discrimination against motorists. However, we do not find any constitutional defect. There is no ambiguity as to what type of vehicles owe a duty of "due care," and no ambiguity as to whom the duty is owed. The scope of penal statutes is for the legislature to decide, and a statute is not vague merely because it reaches certain types of conduct but not others. (*United States v. Hines* (10th Cir. 1982), 696 F.2d 722, 726.) Defendant does not suggest that the statute violates equal protection, and we can see no reason why the failure to impose upon bicyclists a like duty of care to avoid hitting automobiles encourages arbitrary enforcement.

For the foregoing reasons the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*