USA v. Juan Zayas-Diaz          CR-94-30-01-B 03/23/95

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 94-30-01-B

Juan Zayas-Diaz


**O R D E R**


Defendant Juan Zayas-Diaz moved to suppress cocaine seized from a gym bag that Zayas-Diaz threw over an embankment during or immediately prior to a confrontation with a Connecticut state trooper.  On February 6, 1995, I denied Zayas-Diaz's motion. Zayas-Diaz now asks me to reconsider that ruling.

## I.    FACTS[1]

On December 26, 1992, at approximately 10:00 p.m., Connecticut State Police Trooper James Taylor was on routine patrol traveling northbound on Route 91 in Wallingford, Connecticut, when he observed an abandoned vehicle in the breakdown lane.  As Trooper Taylor pulled up to the vehicle, a BMW pulled onto the highway from in front of the abandoned

---

[1]The government has proved the facts described in this section by a preponderance of the evidence.

vehicle.  Trooper Taylor followed the BMW for approximately one-half mile, when it again pulled over into the breakdown lane.  In response, Trooper Taylor pulled his cruiser into the breakdown lane, approximately 15-20 feet behind the BMW.  Trooper Taylor did nothing to cause the vehicle to pull over.

After stopping the BMW, the driver got out and walked to the rear of the vehicle.  Shortly thereafter, another person, later identified as Zayas-Diaz, emerged from the vehicle's passenger side and joined the driver.  The two men began arguing and this prompted Trooper Taylor out of concern for his safety to pull his cruiser back approximately 30 yards from where the two men were arguing.

Shortly thereafter, the driver began to jog towards the cruiser, and Zayas-Diaz began to chase after him.  In response, Trooper Taylor radioed for assistance, got out of his cruiser, and ordered the two men to stop.  Notwithstanding his order, both men kept advancing and Trooper Taylor could hear them arguing in Spanish.  Zayas-Diaz then began struggling with the driver in an attempt to pull him back to the BMW.  Trooper Taylor then ordered both men to get down on their knees.  Although the driver complied, Zayas-Diaz released his grip on the driver and jogged past Trooper Taylor.  Trooper Taylor then grabbed Zayas-Diaz in an attempt to subdue him.  Immediately thereafter, Zayas-Diaz

threw the gym bag he was carrying over the embankment along the side of the road. Trooper Taylor later retrieved the gym bag and discovered that it contained cocaine.

When Trooper Taylor confronted the two men on the side of the highway, he was attempting to determine whether they had any connection to the abandoned vehicle. After he observed them struggling on the side of the highway, he ordered them to stop in an effort to gain control of an uncertain and potentially dangerous situation. He also decided at that point that he would arrest Zayas-Diaz on charges of reckless use of a highway by a pedestrian, and disorderly conduct.

## II.   DISCUSSION

In denying Zayas-Diaz's motion to suppress, I concluded that he had no standing to challenge the search of the gym bag because he abandoned it when he threw it over the embankment. See generally United States v. Sealey, 30 F.3d 7, 10 (1st Cir. 1993). Moreover, I concluded that Trooper Taylor lawfully seized Zayas-Diaz because he had a reasonable suspicion that Zayas-Diaz had engaged in unlawful conduct and a legitimate need to briefly detain Zayas-Diaz in order to gain control over a dynamic and potentially dangerous situation. See United States v. Stanley,

3

915 F.2d 54, 56-57 (1st Cir. 1990).

Zayas-Diaz advances a new argument in support of his motion for reconsideration. He now claims that Trooper Taylor arrested him before he abandoned the gym bag and that the arrest was illegal because it was not supported by probable cause. As a result, he asserts that he is not barred from claiming a legitimate expectation of privacy in the gym bag because he was forced to abandon the bag as a result an illegal arrest. This argument is misconceived for two reasons. First, the evidence demonstrates that Zayas-Diaz abandoned the bag immediately after Trooper Taylor attempted to detain him. At that point, Zayas-Diaz had been seized only for a brief period. Whether or not Trooper Taylor subjectively intended to arrest Zayas-Diaz at that point in the confrontation, the brief seizure that preceded Zayas-Diaz's decision to abandon the gym bag was short enough to be justified as a Terry stop. See United States v. Zapata, 18 F.3d 971, 973 (1st Cir. 1994) (physical touching by police officer did not transform lawful Terry stop into de facto arrest); United States v. Quinn, 815 F.2d 153, 156 (1st Cir. 1987) (encounter lasting 20-25 minutes constitutes Terry stop). Therefore, the seizure was justified because Trooper Taylor had a reasonable suspicion that Zayas-Diaz had engaged in criminal

4

activity and a legitimate need to briefly detain Zayas-Diaz in order to protect himself.

Second, even if Zayas-Diaz's seizure is viewed as an arrest, the arrest was lawful because Trooper Taylor had probable cause to believe that Zayas-Diaz had violated Conn. Gen. Stat. § 53-182 (1992).  This statute provides that

> Any pedestrian who uses any street or highway negligently or recklessly or fails to obey the signal of any traffic officer, pedestrian control, sign, signal, marking or device or recklessly disregards his own safety or the safety of any person by the manner of his use of any street or highway shall be deemed to have committed an infraction and be fined not less than thirty-five dollars nor more than fifty dollars.

In the present case, Trooper Taylor observed Zayas-Diaz struggling with another man at night in the breakdown lane of a major interstate highway.  These observations were sufficient to support Trooper Taylor's conclusion that Zayas-Diaz was recklessly disregarding his own safety as well as that of the man with whom he was struggling.  See generally State v. Ennis, 33 Conn. Supp. 725, 728-29, 368 A.2d 1186, 1188 (Sup. Ct. 1976) (discussing claim that evidence was insufficient to support a violation of § 53-182).  Accordingly, he had probable cause to believe that Zayas-Diaz had violated § 53-182.

5

Defendant's motion for reconsideration (document no. 330) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 23, 1995

cc:  Terry Ollila, Esq., AUSA
     Paul Garrity, Esq.
     United States Marshal
     United States Probation