2024 IL App (1st) 220761-U

No. 1-22-0761

Order filed March 20, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | Nos. TN708490 |
| | ) |     TN708493 |
| | ) | |
| JOSE ROMERO, | ) | Honorable |
| | ) | David Kelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's convictions for leaving the scene of a motor vehicle accident with property damage and failure to reduce speed to avoid an accident are affirmed where the evidence was sufficient to establish beyond a reasonable doubt he was the driver of the vehicle and he failed to reduce his speed to avoid an accident.

¶ 2    Following a bench trial, defendant Jose Romero was found guilty of leaving the scene of a

motor vehicle accident with property damage and failing to reduce his speed to avoid an accident

and sentenced to concurrent terms of 12 months' court supervision and 60 hours of community service. On appeal, defendant argues the evidence identifying him as the driver of the vehicle involved in the accident was unreliable, and the evidence was insufficient to establish he failed to reduce his speed to avoid an accident.[1] We affirm.[2]

¶ 3     Defendant was charged with one count of driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2018)), one count of failure to reduce speed to avoid an accident (625 ILCS 5/11-601(a) (West 2018)), two counts of disobeying a solid red signal (Chicago Municipal Code § 9-8-020(c)(1) (added July 12, 1990)), and one count of leaving the scene of a motor vehicle accident with property damage (625 ILCS 5/11-402(a) (West 2018)).

¶ 4     At trial, Robert Mejia Jr. testified that at about 2:30 a.m. on November 1, 2018, he was driving northbound near Western Avenue and Devon Avenue when another vehicle swerved in front of him. Mejia attempted to "cut around" the vehicle, drove into the left lane, and "felt a thud." Mejia stayed in the left lane, looked across the passenger side of his vehicle and into the driver's window of the other vehicle, and saw the driver looking at him. In court, Mejia identified defendant as the driver. As defendant was looking at Mejia, defendant swerved his vehicle into Mejia again.

¶ 5     Mejia pulled over to retrieve his phone and defendant sped off. Mejia pursued defendant and caught up to him about a block and a half away from where Mejia's vehicle was first hit. Defendant's vehicle was stopped. Mejia exited his vehicle, approached the driver's side of

---

[1] In his opening brief, defendant also asserted that pandemic-related orders of the Illinois Supreme Court and the circuit court of Cook County violated his right to a speedy trial. This argument was conceded in defendant's reply brief.

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

defendant's vehicle, and asked why he drove off after hitting Mejia's vehicle. Defendant looked at Mejia, "threw up his fingers," and drove away.

¶ 6    Mejia tried to photograph defendant's license plate, but it was dark, so Mejia drove after defendant. During the pursuit, Mejia observed that defendant's vehicle was a white or cream-colored SUV and a red Bulls sticker on the back of the vehicle "really stood out."

¶ 7    Mejia eventually flagged down a police officer for assistance. About 20 to 30 minutes later, Mejia observed defendant and the same vehicle near other police officers. Mejia observed a dialogue between defendant and those officers. Mejia noticed indentations and scuffs on the front passenger side of his vehicle that were not present prior to the accident.

¶ 8    On cross-examination, Mejia acknowledged driving a rented Zipcar at the time of the incident and that he wanted to fix the damage to the vehicle. Mejia reiterated defendant was "sporadically swerving left to right." Mejia drove into the left lane to pass defendant, felt a thump while "pacing" defendant, saw defendant in the driver's window, and then a second thump occurred.

¶ 9    Mejia lost sight of the vehicle for about 20 minutes until he observed the same vehicle surrounded by at least three police officers. Mejia saw "a lot of blue lights," and defendant speaking with police officers. At the scene, Mejia responded "yes" when asked whether that was the vehicle and the man driving. Mejia was never asked to view an in-person or photo lineup.

¶ 10    Skokie police officer Joseph George testified that around 2 a.m. on November 1, 2018, in the 2800 block of West Touhy Avenue, he observed a white SUV that had been curbed by an officer. George identified defendant in court as the individual in the driver's seat of the white SUV. Upon approaching defendant's vehicle, George noticed the driver's side window was rolled down.

George detected a "strong odor of an alcoholic beverage emitting from [defendant's] breath" and noticed defendant had "bloodshot and glassy eyes" and slurred, slow speech.

¶ 11    George asked defendant if he was involved in a motor vehicle accident, and defendant said he was not. George also asked if defendant needed medical attention, and defendant said he did not. George asked defendant if he had consumed any alcoholic beverages, and defendant answered he had "three Modelo's" and his passenger had "six beers."

¶ 12    George then asked defendant to perform field sobriety tests. First, George conducted the horizontal gaze nystagmus test, and noticed four clues suggesting alcohol consumption. Next, George conducted the walk and turn test, and noticed seven clues suggesting impairment. Finally, George conducted the one leg stand test, and noticed four clues suggesting impairment.[3] Defendant was then arrested.

¶ 13    Defendant moved for a directed finding, which the trial court granted as to both counts of disobeying a solid red signal. Defendant elected not to testify and rested without presenting any evidence.

¶ 14    Following closing arguments, the trial court found defendant guilty of leaving the scene of a motor vehicle accident with property damage and failure to reduce speed to avoid an accident and not guilty of driving under the influence of alcohol. The trial court stated it found Mejia's and George's testimony "extremely credible."

---

[3] The State published George's body-worn camera footage, which is not relevant to the issues on appeal.

¶ 15    The case proceeded to sentencing, where the trial court imposed concurrent terms of 12 months' court supervision and 60 hours of community service. Defendant then filed a motion for a new trial, which the court denied.

¶ 16    On appeal, defendant first challenges the sufficiency of the evidence identifying him as the driver of the vehicle.

¶ 17    In considering a challenge to the sufficiency of the evidence, the relevant inquiry is " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Jackson*, 232 Ill. 2d 246, 280 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact is responsible for weighing the evidence, determining the credibility of witnesses, and resolving conflicts in testimony. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009). A reviewing court will not substitute its judgment for that of the trial court with respect to those issues. *Id.* A criminal conviction will not be set aside unless "the evidence is so improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *Id.* at 225.

¶ 18    It is the State's burden to prove beyond a reasonable doubt the identity of the person who committed the crime. *People v. Tomei*, 2013 IL App (1st) 112632, ¶ 36. A single eyewitness's identification of the accused is sufficient to sustain a conviction provided the identification is reliable. *Id.* ¶¶ 36-37.

¶ 19    In this case, the evidence included Mejia's identification of defendant and his first-hand account of the motor vehicle accident and defendant thereafter leaving the scene. Mejia's testimony showed he viewed defendant as the driver of the vehicle while Mejia was driving in the left lane immediately next to defendant and defendant looked at him. Mejia then pursued

defendant's vehicle for about a block and half before observing it had stopped. Mejia then approached the driver's window of defendant's stopped vehicle on foot and confronted him. Mejia observed defendant gesture before driving away again. Mejia also identified the vehicle and defendant as the driver to police officers 20 to 30 minutes after Mejia requested assistance from a police officer. We defer to the trial court's determination that Mejia's testimony identifying defendant as the driver of the vehicle was "extremely credible." See *Siguenza-Brito*, 235 Ill. 2d at 224-25 (a reviewing court will not substitute its judgment for that of the trial court with respect to the credibility of witnesses); see also *People v. Simmons*, 2016 IL App (1st) 131300, ¶ 88 (the trier of fact determines the reliability of a witness's identification).

¶ 20    Defendant nevertheless argues the evidence was insufficient because Mejia's identification was unreliable.

¶ 21    Courts rely on the factors set forth in *Neil v. Biggers*, 409 U.S. 188 (1972), to determine the reliability of an identification. These include: (1) the witness's opportunity to view the offender during the offense; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description; (4) the witness's level of certainty at the time of the identification procedure; and (5) the length of time between the offense and identification. *Tomei*, 2013 IL App (1st) 112632, ¶ 37. "None of these factors, standing alone, conclusively establishes the reliability of identification testimony; rather, the trier of fact is to take all of the factors into consideration." *People v. Joiner*, 2018 IL App (1st) 150343, ¶ 47.

¶ 22    Applying the *Biggers* factors to Mejia's identification of defendant as the driver of the vehicle, we conclude these factors weigh in favor of the State.

¶ 23    Here, Mejia had three ample opportunities to view defendant: when Mejia's vehicle was immediately to the left of defendant's vehicle and defendant looked at him, when Mejia interacted with defendant after walking to the driver's side window of defendant's stopped vehicle, and finally when police officers curbed defendant's vehicle and Mejia identified defendant to the officers. It is clear from Mejia's testimony that his degree of attention of defendant was high during these three opportunities as well as during his pursuit of defendant's fleeing vehicle. This evidence therefore satisfies the first and second *Biggers* factors.

¶ 24    As to the third *Biggers* factor addressing the accuracy of the witness's prior description, we view this factor as neutral as the record does not reflect whether Mejia described defendant to the officer whom Mejia flagged for assistance.

¶ 25    The fourth and fifth *Biggers* factors further support the reliability of Mejia's identification of defendant as the driver. A relatively short time of 20 to 30 minutes elapsed from defendant twice hitting Mejia's vehicle and Mejia identifying defendant to police officers on the scene. See, *e.g.*, *People v. Malone*, 2012 IL App (1st) 110517, ¶ 36 (an identification made one year and four months later deemed reliable). Mejia also positively identified defendant in court. There is no evidence in the record establishing Mejia was uncertain in his identification of defendant. When weighing the *Biggers* factors and viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Mejia viewed defendant under circumstances permitting a positive identification of him as the driver of the vehicle.

¶ 26    We are not persuaded by defendant's contentions that Mejia's identification was mistaken because it was dark outside when the accident occurred, the incident happened quickly, only a general description of the vehicle as a popular white SUV was provided, Mejia did not mention

seeing a passenger, and the show-up identification was unduly suggestive where defendant was surrounded by police officers and flashing lights.

¶ 27    Although Mejia's opportunities to view defendant were limited in duration and occurred in the dark, Mejia viewed defendant separately under different circumstances, *e.g.*, when the vehicles were side-by-side, when Mejia walked to the driver's window of defendant's stopped vehicle, and after police officers curbed defendant's vehicle. See *People v. Blankenship*, 2019 IL App (1st) 171494, ¶ 28 ("A positive identification need not be based upon perfect conditions for observation, nor does the observation have to be of a prolonged nature."). The general description of defendant's vehicle as a white or cream-colored SUV also does not undermine the reliability of Mejia's identification testimony, particularly where George observed defendant in the driver's seat of such a vehicle and in light of the other indicia of the reliability of Mejia's identification.

¶ 28    Moreover, we do not find the show-up identification was unduly suggestive to undermine the reliability of Mejia's identification. See, *e.g.*, *People v. Lippert*, 89 Ill. 2d 171, 188 (1982) (identification found reliable and not suggestive when the victims had adequate opportunity to view the defendant, gave a reasonably accurate description of defendant to police, and only 55 minutes had elapsed between the offense and the identification); see also *People v. Williams*, 118 Ill. 2d 407, 412-14 (1987) (identification found reliable and not suggestive when the victim had adequate opportunity to view the defendant, gave a description moments after the offense occurred, and only an hour and a half had elapsed between the offense and the identification). The record shows Mejia pursued defendant after he drove away and encountered him 20 to 30 minutes later after police officers curbed him. When George arrived at the scene, he observed defendant in the driver's seat of a white SUV. The trial court found Mejia's and George's testimony "extremely

credible." We will not substitute our judgment for that of the trial court concerning the reliability or weight of the witness identification. *Jackson*, 232 Ill. 2d at 280-81. Under the totality of the circumstances, Mejia's identification of defendant as the driver of the vehicle was reliable. A rational trier of fact therefore could have concluded defendant was the driver of the vehicle that hit Mejia.

¶ 29     Defendant next challenges the sufficiency of the evidence that he failed to reduce his speed to avoid an accident with Mejia's vehicle.

¶ 30     To prove defendant guilty of failing to reduce his speed to avoid an accident, the State was required to show defendant did not comply with section 11-601(a) of the Code, which provides:

> "[n]o vehicle may be driven upon any highway *** at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. *** Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." 625 ILCS 5/11-601(a) (West 2018).

¶ 31     "Due care" is defined as " 'that degree of care which ordinarily prudent persons are accustomed to exercise under the same or similar circumstances.' " *People v. Galarza*, 2023 IL 127678, ¶ 33 (quoting *People v. Wawczak*, 109 Ill. 2d 244, 250 (1985)). The State must prove both careless driving and failure to reduce speed to sustain a conviction under section 11-601(a); the mere evidence of a collision is not enough to meet the State's burden. *Id.* ¶ 38.

¶ 32     Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found defendant not only was the driver of the vehicle, but he failed to reduce his speed to

avoid an accident. Mejia testified defendant's vehicle swerved sporadically in front of him. While Mejia was in the left lane, driving at the same speed as defendant, defendant hit him with his vehicle. As defendant was looking at Mejia, defendant hit Mejia's vehicle again. The accident happened in the dark, necessarily requiring driving with due care and a reduced speed. A rational trier of fact could have reasonably inferred defendant's driving and hitting Mejia's vehicle twice in quick succession at about 2 a.m. constituted both a failure to exercise due care and to reduce speed to avoid an accident as required by law. See *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004) (all reasonable inferences are viewed in the light most favorable to the prosecution). The evidence was therefore sufficient to find defendant guilty of failing to reduce his speed to avoid an accident beyond a reasonable doubt.

¶ 33    Defendant nevertheless asserts no evidence showed the vehicle's speed or road conditions to prove he failed to reduce his speed to avoid an accident. He contends that evidence of a collision by itself was insufficient to prove he failed to reduce his speed.

¶ 34    Evidence that defendant exceeded the speed limit, however, was not required to show he failed to decrease his speed as necessary to avoid colliding with Mejia's vehicle. *Galarza*, 2023 IL 127678, ¶ 39. Likewise, neither evidence of road conditions nor damage to a particular area of a vehicle are required by section 11-601(a). Moreover, as stated, the evidence here did not rest exclusively on the existence of a collision. The trial court as finder of fact reasonably inferred defendant failed to avoid hitting Mejia's vehicle by not reducing his speed. See *People v. Wheeler*, 226 Ill. 2d 92, 117 (2007) (quoting *People v. Hall*, 194 Ill. 2d 305, 332 (2000) (the trier of fact is not required to " 'disregard inferences which flow normally from the evidence and to search out all possible explanations consistent with innocence and raise them to a level of reasonable

doubt.' ")). Construing all the evidence and reasonable inferences therefrom in the light most favorable to the State, the trial court's finding that defendant failed to reduce his speed to avoid an accident was not so unreasonable, improbable, or unsatisfactory that it justifies reasonable doubt of defendant's guilt. See *People v. Bradford*, 2016 IL 118674, ¶ 12; see also *People v. Swenson*, 2020 IL 124688, ¶ 35.

¶ 35     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 36     Affirmed.